Leslie T. Gladstone, Esq.  (SBN 144615)
Christin A. Batt, Esq.  (SBN 222584)
Derek A. Soinski, Esq. (SBN 293747)
FINANCIAL LAW GROUP
401 Via Del Norte
La Jolla, CA 92037
Telephone (858) 454-9887
Facsimile (858) 454-9596

Proposed Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re:<br><br>GARDEN FRESH RESTAURANTS, LLC,<br><br>Debtor. | Case No.: 20-02477-LA7<br><br>**EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR NOTICE OF AUCTION FOR SALE OF INVENTORY AND RELATED ASSETS, PURSUANT TO 11 U.S.C. SECTION 363, FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS**<br><br>[No hearing required]<br>Dept:     Two (2)<br>Honorable Louise DeCarl Adler |
|---|---|

Leslie T. Gladstone, chapter 7 trustee (the "**Trustee**"), hereby applies to the Court, on an *ex parte* basis, for entry of an order shortening time for Trustee's Notice of Auction for Sale of Inventory and Related Assets, Pursuant to 11 U.S.C. Section 363, Free and Clear of Liens, Claims,

and Interests (the "**Notice**"). This *Ex Parte* Application is based on the Declaration of Leslie T. Gladstone ("**Gladstone Declaration**") filed concurrently herewith.[1]

### BACKGROUND AND THE NEED FOR EXPEDITED RELIEF

This bankruptcy case was commenced by Garden Fresh Restaurants, LLC (the "**Debtor**") on May 15, 2020 (the "**Petition Date**"), under chapter 7 of the United States Bankruptcy Code. The Trustee was appointed the chapter 7 trustee of Debtor's bankruptcy estate (the "**Estate**") on or about the same date.

The Debtor operated ninety seven (97) restaurants (the "Restaurants"), twelve (12) centralized kitchens (the "Kitchens"), two (2) distribution centers (the "Distribution Centers"), one production warehouse (the "Warehouse") and three (3) local storage hubs (the "Local Hubs"), in various states across the United States. At the time of restaurant closings due to COVID-19, the West Coast Distribution Center (the "West Coast Distribution") held food and equipment inventory having a cost value of approximately $3.1 million. The West Coast Distribution was used to house approximately 70% of the supplies for Debtor's restaurants. At the time of restaurant closings, the East Coast Distribution Center (the "East Coast Distribution") held food and equipment inventory having a cost value of approximately $1.7 million, or approximately 30% of the supplies for Debtor's restaurants. Copies of the West Coast Distribution inventory and the East Coast Distribution inventory taken by the Debtor at closing are attached to the Gladstone Declaration as Exhibit A and incorporated herein.

Additional and substantial inventory and equipment are also located at the Restaurants, the Kitchens, the Production Warehouse and the Local Hubs. The Trustee has inventories taken for each of the Debtor's locations.

Immediately after the Debtor closed its doors to all of the restaurants, the Debtor did a sweep and disposal for all of its immediately perishable inventory. However, there are still many

---

[1] The Trustee respectfully requests, pursuant to Rule 201 of the Federal Rules of Evidence, made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, that the Court take judicial notice of the case docket for the above-captioned case and each of the pleadings and other documents on file in the case.

items that are extremely time sensitive and are at risk of decomposition and the expiration of time for sale for human consumption.

The Trustee proposes to sell the assets located in the Restaurants, the Kitchens, the Local Hubs, the Distribution Centers and the Warehouse, using a three-tiered priority system. This application is with respect only to Tier One. In Tier One, the Trustee will sell the assets located in the Distribution Centers, the Warehouse, and the Local Hubs. In the Tier Two, the Trustee will sell the assets located in the Restaurants where the Trustee has exercised her business judgment that an assignment of the lease is impractical or not reasonably calculated to lead to a distribution to creditors. And finally, in Tier Three, the Trustee will sell the assets located in the remaining Restaurants in the context and together with an assignment of the underlying leases and/or a stipulation for early termination of the lease with the respective landlord. The Trustee is currently working with the landlords and secured creditors to ascertain which leases may be assigned and the marketability of same and anticipates Tier Two and Tier Three motions shortly.

The Distribution Centers, Warehouse, and the Local Hubs contain a vast amount of Assets and are causing the Estate to incur substantial administrative rent and other expenses. The value of these Assets diminishes daily based on the shelf life of the items. Each day that passes diminishes the value of the Assets because of the perishable nature of the inventory and the approaching expiration of time to sell the Food Inventory fit for human consumption. The Trustee is working diligently to maximize the value of the Assets as best as possible, and it is imperative to begin the auction as soon as reasonably possible in order to preserve their value while mitigating administrative expenses. Moreover, the Estate does not have funds for expenditures that are necessary to maintain the Distribution Centers and other locations and therefore seeks an order shortening time for the Notice. The Trustee is negotiating with the respective landlords to obtain concessions for rental obligations, given the extraordinary situation that COVID-19 has caused for this Debtor. In the meantime, the Trustee requests the order shortening time to minimize the risk of administrative expenses.

The Trustee intends to sell the Assets by auction using TAGeX Brands ("TAGeX") as auctioneer. Information regarding the expertise of TAGeX is attached to the Gladstone Declaration

as Exhibit B and incorporated by reference.  The Trustee has negotiated substantial reductions in pricing from TAGeX in order to maximize the benefit to the estate.  The proposal negotiated provides for the TAGeX team to begin documentation and advertisement on or before June 4, 2020 and for the online auctions to launch approximately June 10, 2020.  The online auction duration will be approximately 10 days and then distribution of the items would occur from approximately June 20-30, 2020.  Attached to the Gladstone Declaration as Exhibit C is a copy of the proposed Notice.

The Trustee does not expect any opposition to this application.  In fact, the Trustee has obtained agreement for a carve out stipulation from the secured creditors, which will result in thirty percent (30%) of the net proceeds (after payment of auctioneer fees/expenses, any allowed PACA claims, sales taxes and/or any applicable administrative rent) to be paid to the estate.  Consequently, the Trustee requests that the time period for the Notice be shortened to twelve (12) days, which includes three (3) days for mail service.

## GOOD CAUSE EXISTS TO SHORTEN TIME FOR THE NOTICE OF AUCTION

Federal Rule of Bankruptcy Procedure 9006 provides:

> Except as provided in [FRBP 9006(c)(2)], when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

Fed. R. Bankr. P. 9006(c)(1); *see also* Local Bankr. R. 9006-1(f).  Because a Notice of Auction does not fall into any of the categories listed in Federal Rule of Bankruptcy Procedure 9006(c)(2), the Court may shorten time for the Notice.

Good cause exists to grant this application.  Some of the Assets are in immediate danger of being lost because they are perishable food items.  The Trustee is attempting to maximize the value of the Assets by preserving as much of the inventory as possible and efficiently liquidating all of the Assets.  Significantly, the Estate does not have funds to maintain the Distribution Centers, Warehouse and Local Hubs and any delay in approval of the Notice will jeopardize the Assets.

It is unlikely that shortened notice will prejudice any party. Accordingly, good cause exists to grant this application.

### CONCLUSION

WHEREFORE, the Trustee requests that the Court enter an order shortening time for the Notice of Auction for Sale of Inventory and Related Assets, Pursuant to 11 U.S.C. Section 363, Free and Clear of Liens, Claims, and Interests, to ten (10) days, which includes three (3) days for mail service, or such other time period as the Court deems advisable. It is crucial for the Trustee to begin the auction procedure as soon as possible in order to maximize the value to the Estate. The Trustee also requests such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: May 21, 2020          FINANCIAL LAW GROUP

By:   /s/ Derek A. Soinski
   Derek A. Soinski, Esq.
   Attorneys for Leslie T. Gladstone, Trustee