Leslie T. Gladstone, Esq. (SBN 144615)
Christin A. Batt, Esq. (SBN 222584)
Derek A. Soinski, Esq. (SBN 293747)
FINANCIAL LAW GROUP
401 Via Del Norte
La Jolla, CA 92037
Telephone: (858) 454-9887
Facsimile: (858) 454-9596
E-mail: ChristinB@flgsd.com

Proposed Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re: | Case No.: 20-02477-LA7 |
|---|---|
| GARDEN FRESH RESTAURANTS LLC,<br><br>Debtor. | **STIPULATION TO RESOLVE POSTPETITION LEASEHOLD MATTERS WITH MCD-RC CA-AMERIGE, LLC, STORE NO. 100** |

LESLIE T. GLADSTONE, chapter 7 trustee (the "**Trustee**"), and MCD-RC CA-AMERIGE, LLC (the "**Landlord**") enter into the following Stipulation to Resolve Postpetition Leasehold Matters:

**FACTUAL RECITALS**

A.   On May 14, 2020 ("**Petition Date**"), Garden Fresh Restaurants LLC ("**Debtor**") filed its petition under chapter 7 of the U.S. Bankruptcy Code. The Trustee was appointed chapter 7 trustee of Debtor's bankruptcy estate on or about the same date.

B.   One of the assets in the bankruptcy estate is Debtor's interest, as lessee, in the premises located at 1901 West Malvern Ave., Fullerton, CA 92833-2439 (the "**Premises**"), pursuant to a certain lease of nonresidential real property by and between Garden Fresh Restaurants LLC, dba Souplantation and Landlord (the "**Lease**").

C.   Debtor has vacated the Premises but certain of Debtor's personal property, inventory, and/or equipment (collectively, the "**Assets**") may remain at the Premises.

D.   The parties agree that the Trustee has not accessed or taken possession or control of the Premises.

E.   The Trustee desires to auction the Assets using an on-line auction process ("the "**Auction**") to be conducted by the Trustee's agent TAGeXBrands (the "**Agent**").

F.   The Trustee and the Landlord agree to enter into the following stipulation to resolve the following postpetition leasehold matters.

## STIPULATION

WHEREFORE, the Trustee and the Landlord (each a "**Party**" and collectively, the "**Parties**") hereby stipulate as follows:

1.   The Recitals contained in Paragraphs A through F above are true and correct and are incorporated herein by reference as though set forth in full.

2.   Upon the performance of the terms of this Stipulation, Landlord agrees to abate, not defer, all rent and related charges under the Lease for the 60-day period from the Petition Date through and including July 12, 2020. Neither Debtor nor the estate shall incur or be liable for any charges for storage under the Lease for this period.

3.   The Trustee has authorized the Landlord to take possession and control of the Premises, and where appropriate, to re-key the Premises to protect and secure, dress the windows, and otherwise minimize the appearance of a dark Premises.

4.   Landlord agrees to allow the Trustee's Agent to conduct the Auction, on-line, which auction shall be concluded by July 12, 2020. Agent is to provide a Certificate of Insurance to cover any damage to the Premises, personal injury or other general liability claims resulting from the Auction, access to or removal of any Assets from the Premises that may arise from the Petition Date through the Rejection Date (defined below).

5.   The Landlord shall be entitled to payment of ten percent (10%) of the gross proceeds of all Assets sold at the Auction. Payment of the gross proceeds to which the Landlord is entitled shall be made within seven (7) business days of receipt of funds by the Trustee.

6.   The Landlord shall provide the Trustee and Agent reasonable access to the Premises to prepare for the online Auction.

7.    The Agent shall arrange for all Assets sold at the Auction to be removed from the Premises by no later than July 12, 2020, which removal shall be coordinated with the Landlord and shall take place through non-public entrances. Any Assets remaining at the Premises after this date shall be deemed abandoned by the Trustee, and the Landlord shall be permitted to use or dispose of such abandoned Assets without further notice or liability to the Trustee or the Debtor and without further order of the Court.

8.    At the conclusion of the Auction, and no later than July 12, 2020, the Trustee shall have access to the Premises to remove any remaining property and to return the Premises to Landlord in broom clean condition.

9.    The Parties agree to a rejection date of the Lease, without penalty to the bankruptcy estate and Trustee, effective as of the later of (i) surrender of possession of the Premises to the Landlord, and (ii) July 12, 2020 (the "**Rejection date**"). Upon the performance of the terms of this Stipulation, all administrative claims of the Landlord against the Debtor, the Trustee, and the estate, but not third parties, for the Trustee's use and continued occupancy of the Premises from the Petition Date through the Rejection Date are waived, except as further set forth below, the Landlord's right to file an unsecured rejection claim pursuant to 11 U.S.C. § 365 is not waived. For the avoidance of doubt, Landlord does not waive or defer any rights to indemnification that exist under the Lease only to the extent of available insurance of the Debtor.

10.    This Stipulation has no effect on any present or future claim that has been or may be filed by the Landlord in Debtor's bankruptcy case, except for the waiver of administrative rent. The Trustee reserves all rights with respect to any such claim(s), including the right to object to such claim(s) on any appropriate grounds.

11.    Each Party hereto represents and warrants to the other that it has the power, authority and ability to carry out the obligations assumed and promised hereunder.

12.    Unless otherwise provided herein, each Party hereto is to bear its respective attorney's fees and costs.

13.    Each Party acknowledges that it has read this Stipulation; that it fully understands its rights, privileges, and duties under this Stipulation; and that it enters into this Stipulation freely and

Financial Law Group

Tier 2                   3                   IN RE GARDEN FRESH RESTAURANTS LLC
CASE NO. 20-02477-LA7
STIPULATION TO RESOLVE POSTPETITION RENT AND USE OR PREMISES

voluntarily. Each Party further acknowledges that it has had the opportunity to consult with an attorney of its choice to explain the terms of this Stipulation and the consequences of signing it.

14. The Trustee shall file a Notice of Intended Action to obtain Court approval of this Stipulation as a condition precedent for the benefit of all Parties hereto, and the rights and obligations of the Parties hereunder are contingent upon the entry of a final Court order in this bankruptcy case.

15. This Stipulation shall be subject to Bankruptcy Court approval and incorporated into an order of the Bankruptcy Court approving this Stipulation, and all Parties shall submit to the jurisdiction of the Bankruptcy Court to enforce the continuing obligations under this Stipulation, and to resolve any dispute that may arise under this Stipulation.

16. This Stipulation shall be governed by, and construed and enforced in accordance with, the laws of the State of California.

17. This Stipulation may be executed in any number of counterparts, each of which so executed shall be deemed to be an original and such counterparts shall together constitute one and the same agreement. Counterparts may be delivered via facsimile, electronic mail (including pdf), or other transmission method and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes.

IN WITNESS WHEREOF, the Parties hereto have executed this Stipulation on the day and year indicated below.

Dated: June 16, 2020

_____
Leslie T. Gladstone, Trustee

Dated: June 16, 2020

MCD-RC CA-AMERIGE, LLC

By: _____
Robert L. LeHane
Kelley Drye & Warren LLP
Attorney for MCD-RC CA-AMERIGE, LLC

Tier 2    4    IN RE GARDEN FRESH RESTAURANTS LLC
CASE NO. 20-02477-LA7
STIPULATION TO RESOLVE POSTPETITION RENT AND USE OR PREMISES

FINANCIAL LAW GROUP