**CSD 1001A** [07/01/18]

Name, Address, Telephone No. & I.D. No.

Leslie T. Gladstone, Esq., (SBN 144615)
Christin A. Batt, Esq., (SBN 222584)
Derek A. Soinski, Esq., (SBN 293747)
Financial Law Group
401 Via Del Norte, La Jolla, CA 92037
Telephone (858) 454-9887; Facsimile (858) 454-9596
Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

Order Entered on
July 7, 2020
by Clerk U.S. Bankruptcy Court
Southern District of California

# UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

GARDEN FRESH RESTAURANTS, LLC,

Debtor.

BANKRUPTCY NO. 20-02477-LA7

Date of Hearing: N/A
Time of Hearing: N/A
Name of Judge: Louise DeCarl Adler

## ORDER ON

### APPROVAL OF STIPULATION RE: CARVE-OUT FROM SECURED CREDITORS AND PACA CREDITOR CLAIMS AND ALLOCATION OF PROCEEDS WITH RESPECT TO SALE OF PERSONAL PROPERTY

The court orders as set forth on the continuation pages attached and numbered ___2___ through __29__ with

exhibits, if any, for a total of __29__ pages. Motion/Application Docket Entry No. _169,_ 375, 407

//

//

//

//

//

//

//

DATED:     July 7, 2020

Judge, United States Bankruptcy Court

CSD 1001A

**CSD 1001A** [07/01/18]**(Page 2)**
ORDER ON APPROVAL OF STIPULATION RE: CARVE-OUT FROM SECURED CREDITORS AND PACA
DEBTOR: GARDEN FRESH RESTAURANTS, LLC,                                         CASE NO:  20-02477-LA7

---

On or about June 4, 2020, Leslie T. Gladstone (the "Trustee") filed and served her Notice of Intended Action and Opportunity for Hearing regarding her intent to enter into a Stipulation Re: Carve-Out from Secured Creditors and PACA Creditor Claims and Allocation of Proceeds with Respect to Sale of Personal Property  (the "Stipulation").

On June 26, 2020, the Trustee filed her Supplemental Declaration in Support of Trustee's Notice of Intended Action Re: Approval of Stipulation Re: Carve-Out from Secured Creditors and PACA Creditor Claims and Allocation of Proceeds with Respect to Sale of Personal Property (the "Supplemental Declaration"), which attached an Addendum to the Stipulation. The purpose of the Addendum was to clarify that the split of net proceeds is a carve-out from the claims of Secured Creditors and/or PACA Creditors.

Pursuant to this Court's request on July 7, 2020, the Trustee filed her second Supplemental Declaration in Support of Trustee's Notice of Intended Action Re: Approval of Stipulation Re: Carve-Out from Secured Creditors and PACA Creditor Claims and Allocation of Proceeds with Respect to Sale of Personal Property to address the financial benefit to the unsecured creditors (the "Second Supplemental Declaration").

It appearing that no opposition was filed; and the Court finding that the proposed Stipulation is fair, reasonable and adequate, that notice was proper and that good cause exists to authorize the Trustee to enter into the Stipulation described in the Notice of Intended Action and the Supplemental Declarations.

IT IS HEREBY ORDERED AS FOLLOWS:

1.  The Trustee is authorized to enter into the Stipulation Re: Carve-Out from Secured Creditors and PACA Creditor Claims and Allocation of Proceeds with Respect to Sale of Personal Property as described in the Notice of Intended Action attached hereto as Exhibit "1."

IT IS SO ORDERED.

Signed by Judge Louise DeCarl Adler July 7, 2020

**EXHIBIT "1"**

**EXHIBIT "1"**

CSD 2062 [05/19/17]
Court Telephone: (619) 557-5620          Court Hours: 9:00am-4:00pm, Monday-Friday
www.casb.uscourts.gov
Leslie T. Gladstone, Esq., (SBN 144615)
Christin A. Batt, Esq., (SBN 222584)
Derek A. Soinski, Esq., (SBN 293747)
Financial Law Group
401 Via Del Norte
La Jolla, CA 92037
Telephone (858) 454-9887
Proposed Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In re

GARDEN FRESH RESTAURANTS, LLC,

Debtor(s).

BANKRUPTCY NO.  20-02477-LA7

## TRUSTEE'S NOTICE OF INTENDED ACTION AND OPPORTUNITY FOR HEARING

**TO THE DEBTOR(S), ALL CREDITORS AND OTHER PARTIES IN INTEREST:**

**You are hereby notified** that the undersigned Trustee proposes to:

☐  Compromise or settle the following controversy [description of controversy to be settled and financial impact on estate as required by Local Bankruptcy Rule 9019]; or

☐  **Allowance of compensation or reimbursement of expenses by trustee in the amounts indicated below [information required by Federal Rule of Bankruptcy Procedure 2002(c)(2)]; or**

☒  Other:  **The Trustee seeks approval of Stipulation Re: Carve-Out from Secured Creditors and PACA Creditor Claims and Allocation of Proceeds with Respect to Sale of Personal Property.  See Exhibit "A" attached hereto and herein incorporated by reference for the terms of the settlement.**

**The Trustee has evaluated the following factors and determined, in her business judgment, that this compromise is fair, reasonable, and adequate; (a) the probability of success in litigation of this matter; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. This stipulation is in the best interest of the estate as it will provide funds to the estate without the need to go through the time and expense of further litigation.**

**Wherefore, the Trustee requests that this Court approves the Stipulation Re: Carve-Out from Secured Creditors and PACA Creditor Claims and Allocation of Proceeds with Respect to Sale of Personal Property.**

IF YOU OBJECT TO THE PROPOSED ACTION:

1.    **YOU ARE REQUIRED** to obtain a hearing date and time from the appropriate Courtroom Deputy for the judge assigned to this bankruptcy case.  Determine which deputy to call by looking at the Bankruptcy Case No. in the caption on Page 1 of this notice.  If the case number is followed by the letter:

-    MM - call (619) 557-7407 - DEPARTMENT ONE (Room 218)
-    LA - call (619) 557-6594 - DEPARTMENT TWO (Room 118)
-    LT - call (619) 557-6018 - DEPARTMENT THREE (Room 129)
-    CL - call (619) 557-6019 - DEPARTMENT FIVE (Room 318)

CSD 2062

Signed by Judge Louise DeCarl Adler July 7, 2020

CSD 2062 (Page 2) [05/19/17]

2.     **Within twenty-one (21)[1] days from the date of this notice**, you are further required to serve a copy of your **Declaration in Opposition** and separate Request and **Notice of Hearing** [Local Form CSD 1184[2]] upon the undersigned Trustee, together with any opposing papers. A copy of these documents must also be served upon the United States Trustee at 880 Front Street, Ste. 3230, San Diego, CA 92101. The opposing declaration must be signed and verified in the manner prescribed by Federal Rule of Bankruptcy Procedure 9011, and the declaration must:

        a.     identify the interest of the opposing party; and

        b.     state, with particularity, the factual and legal grounds for the opposition.

3.     **You must** file the original and one copy of the Declaration and Request and Notice of Hearing with proof of service with the Clerk of the U.S. Bankruptcy Court at 325 West "F" Street, San Diego, California 92101-6991, no later than the next business day following the date of service.

    **If you fail to serve your "Declaration in Opposition to Intended Action" and "Request and Notice of Hearing"** within the 21-day[1] period provided by this notice, no hearing will take place, you shall lose your opportunity for hearing, and the Trustee may proceed to take the intended action.

Dated: June 4, 2020                 /s/  Leslie T. Gladstone
                                 Leslie T. Gladstone, Chapter 7 Trustee
                                 Address: 401 Via Del Norte
                                 La Jolla, CA 92037
                                 Phone No. (858) 454-9887

---

[1]Depending on how you were served, you may have additional time for response. See FRBP 9006.

[2]You may obtain Local Form CSD 1184 from the office of the Clerk of the U.S. Bankruptcy Court.

CSD 2062

# EXHIBIT A

# EXHIBIT A

GARDEN FRESH RESTAURANTS, LLC
Case No. 20-02477-LA7

## EXHIBIT A
## NOTICE OF INTENDED ACTION

Leslie T. Gladstone, the chapter 7 trustee (the "**Trustee**") in the case of Garden Fresh Restaurants. LLC (the "**Debtor**"), seeks an order approving a compromise with FreshPoint Atlanta, Inc., FreshPoint Central California, Inc., FreshPoint Central Florida, Inc., FreshPoint Denver, Inc., FreshPoint Southern California, Inc., FreshPoint South Florida, Inc., Premier Produce of South Florida, LLC, Willie Itule Produce, Inc., Victoria Pacific Trading Corp., and any other similarly situated bonafide PACA Trust Creditors  (collectively, the "**PACA Creditors**") and Cerberus Business Finance, LLC, as collateral agent and administrative agent (the "**Agent**") for the Lenders under, and as defined in, that certain Financing Agreement, dated as of February 1, 2017 (as amended), to which GFRC Holdings LLC, Garden Fresh Restaurants LLC and GFRC Promotions LLC are party (the Agent and the Lenders, collectively, the "**Secured Creditors**", and together with the PACA Creditors, collectively, the "**Claimants**", and all together with the Trustee, the "**Parties**").[1]

### BACKGROUND

On or about May 15, 2020, the Debtor filed a voluntary bare-bones chapter 7 bankruptcy petition.  The Trustee asserts that property of the Debtor's bankruptcy estate (the "**Estate**") includes the personal property located within the Debtor's eighty-five (85) restaurants (the "**Restaurants**"), eleven (11) restaurants that also include centralized kitchens (the "**Kitchens**"), one kitchen without a restaurant located in Fullerton, California (the "**Fullerton Warehouse**"), two (2) distribution centers (the "**Distribution Centers**"), three (3) local storage hubs (the "**Hubs**") and the corporate office in San Diego (the "**Corporate Office**") (collectively, the "**Personal Property**").

The PACA Creditors assert that some or all of the Personal Property is subject to PACA trusts under the trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, et seq., ("**PACA**") and is not part of the Estate pursuant to 11 U.S.C. Section 541(d).  The PACA Creditors assert that that they have a super-priority interest in the Personal Property and/or the proceeds from the sale of the Personal Property and that additional produce suppliers holding valid PACA trust claims may exist, but that the Debtor's failure to file schedules has made it impossible for the Trustee or the PACA Creditors to determine all known or anticipated entities holding valid PACA trust claims against the Debtor.

The Secured Creditors assert that they have security interests in all of the Debtor's property, including all of the Personal Property, pursuant to security interests which they assert were properly perfected.

On May 26, 2020, the Trustee filed an Amended Notice of Proposed Auction in which she described the procedures to be utilized in selling a portion of the Personal Property located at the Distribution Center, the Fullerton Warehouse and the Hubs (the "**Tier 1 Property**").  On June 1, 2020, the Trustee filed a Notice of Proposed Auction proposing to sell additional Personal Property located at certain of the Restaurants, Kitchens and the Corporate Office.

In order to allow the Trustee to perform her duties during the coronavirus pandemic, and to maximize the value of the assets in the Debtor's possession for the benefit of the Claimants, the Estate, and all of the Debtor's creditors, the Trustee and the Claimants have agreed that the Trustee may proceed to market and sell the Personal Property subject to Court approval, on agreed upon terms.  The Trustee and the Claimants acknowledge that this is a good faith compromise of disputed legal positons.

---

[1]    The comments set forth in this Notice are for purposes of explaining the benefits of the proposed compromise. They do not constitute admissions by the Trustee in this or any other proceeding, and the Trustee reserves all rights available to the estate if the compromise is not approved.

<u>SUMMARY OF MATERIAL TERMS OF STIPULATION</u>

A copy of the Stipulation re: Carve-Out From Secured Creditors and PACA Creditors Claims and Allocation of Proceeds With Respect to Sale of Personal Property (the "**Stipulation**") is attached hereto as <u>Exhibit 1</u>.

Pursuant to the terms of the Stipulation, which has been executed by the parties, but remains subject to Court approval (the "**Compromise**"),[2] the Claimants will accept payment on their claims as follows:

A.  With respect to the Tier 1 Property, the proceeds from any Personal Property actually sold by the Trustee will be distributed as follows:

1.  The Trustee will first pay all costs of sale for the Tier 1 Property, including but not limited to auctioneer fees and expenses, any administrative rent and administrative utility expenses, the Trustee's commission earned on the Tier 1 Property, attorneys' fees the Estate incurs in procuring landlord approval, court approval and/or otherwise administering or liquidating the Tier 1 Property, any applicable sales tax belonging to the Tier 1 Property, and/or any allowed personal property tax liens that have attached to the Tier 1 Property and which are found to be senior to the PACA Creditors and/or the Secured Creditors;

2.  The residue of proceeds derived from the liquidation of the Tier 1 Property will be split 30% to the Estate and 70% to the Claimants.  The Trustee will maintain custody of the sums due to the Claimants, in a segregated account, until either (1) agreement between the Secured Creditors and the PACA Creditors as to division; or (2) resolution of priority issues as determined by a court of competent jurisdiction.

B.  With respect to any Personal Property actually sold by the Trustee in the Kitchens and the Corporate Office, the Parties agree to distribute the proceeds as follows:

1.  The Trustee will first pay all costs of sale for the Personal Property sold from the Kitchens/Corporate Office, including but not limited to auctioneer fees and expenses, any administrative rent and utility expenses, the Trustee's commission earned on Personal Property sold from Kitchens/Corporate Office, attorneys' fees the Estate incurs in procuring landlord approval, court approval and/or otherwise administering or liquidating these assets, any applicable sales tax that needs to be paid by the Estate in connection with the sale of these assets, and/or any allowed personal property tax liens that have attached to these assets and which are found to be senior to the PACA Creditors and/or the Secured Creditors;

2.  The residue of proceeds derived from the liquidation of Personal Property in the Kitchens/Corporate Office will be split 30% to the Estate and 70% to the Claimants.  The Trustee will maintain custody of the sums due to the Claimants, in a segregated account, until either (1) agreement between the Secured Creditors and the PACA Creditors as to division; or (2) resolution of priority issues as determined by a court of competent jurisdiction;

C.  The Parties further agree that the Claimants will waive any rights to share in the proceeds from any sale of Personal Property located in the Restaurants such that 100% of these net proceeds will inure to the benefit of the Estate.

D.  The Parties further agree that the Claimants will retain the right to any deficiency claim and to share in any distribution to general unsecured creditors on account of such deficiency claim, or pursuant to any other rights which pre-exist the date the Stipulation;

---

[2]     Nothing herein shall be deemed to modify, alter, or otherwise affect the provisions of the Stipulation.  To the extent anything herein is inconsistent with the terms of the Stipulation, the terms of the Stipulation shall control.

Signed by Judge Louise DeCarl Adler July 7, 2020

E.  In exchange for the consideration given by the Secured Creditors and PACA Creditors, the Trustee will waive any and all rights to surcharge costs or expenses of administration which have or may be incurred in the Debtor's bankruptcy case against the Secured Creditors and PACA Creditors, their respective claims or interests, and/or their collateral pursuant to Section 506(c) of the Bankruptcy Code;

F.  The Stipulation is binding upon, and inures to the benefit of, all of Debtor's produce suppliers holding PACA trust claims.

**DISCUSSION**

Federal Rule of Bankruptcy Procedure 9019 provides that the Court may, upon a noticed motion by the Trustee, approve a compromise or settlement.[3]  If the proposed compromise is "fair" and "equitable," it should be approved.  *See Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988).  In determining the fairness, reasonableness, and adequacy of a proposed settlement agreement, the Bankruptcy Court must consider:  "(a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expenses, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises."  *Kane v. Martin (In re A&C Props.)*, 784 F.2d 1377, 1381 (9th Cir. 1986).

The Court should grant deference to the Trustee's decision as long as there is a legitimate business justification.  *Hill v. Burdick (In re Moorhead Corp.)*, 208 B.R. 87, 89 (B.A.P. 1st Cir. 1997).  The compromise or settlement should be approved where it does not fall "below the lowest point in the zone of reasonableness."  *Newman v. Stein*, 464 F.2d 689, 698 (2d Cir. 1972).

The Stipulation was intensely negotiated after extensive analysis by the Parties.  The Trustee has worked diligently to maximize the value of the property of the Estate, which is especially difficult due to the perishable nature of a great deal of Estate property, the many restrictions in place due to the coronavirus pandemic, the Debtor's failure to file schedules along with its petition, the volume of the Debtor's creditors, rapidly increasing administrative expenses, the legal complexities of PACA, and the competing interests and positions of the Claimants.

The Claimants each assert priority position over one another.  Due to the likelihood of prolonged and costly litigation of intricate factual analyses, coupled with the circumstances necessitating immediate liquidation, the Trustee believes that the Compromise is in the best interest of the Estate and should be approved.  The Compromise will bring substantial monies into the Estate that would otherwise be lost and in the Trustee's business judgment should be approved.

---

[3]    Pursuant to Local Bankruptcy Rule 2002-2(a)(4), the Trustee may request Court approval of a compromise by Notice of Intended Action.

3

# EXHIBIT "1"

# EXHIBIT "1"

1    Leslie T. Gladstone, Esq. (SBN 144615)
     Christin A. Batt, Esq. (SBN 222584)
2    Derek A. Soinski, Esq. (SBN 293747)
     FINANCIAL LAW GROUP
3    401 Via Del Norte
     La Jolla, CA 92037
4    Telephone (858) 454-9887
     Facsimile (858) 454-9596
5
6    Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

7

8                    UNITED STATES BANKRUPTCY COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10   In re:                                    Case No.: 20-02477-LA7

11   GARDEN FRESH RESTAURANTS, LLC,            **STIPULATION RE: CARVE-OUT FROM**
                                               **SECURED CREDITORS AND PACA**
12                                             **CREDITORS CLAIMS AND**
                                               **ALLOCATION OF PROCEEDS WITH**
13           Debtor.                           **RESPECT TO SALE OF PERSONAL**
                                               **PROPERTY**
14

15

16

17

18

19

20           This stipulation is entered into by and between Leslie T. Gladstone, chapter 7 trustee (the

21   "**Trustee**") one the one hand, and FreshPoint Atlanta, Inc., FreshPoint Central California, Inc.,

22   FreshPoint Central Florida, Inc., FreshPoint Denver, Inc., FreshPoint Southern California, Inc.,

23   FreshPoint South Florida, Inc., Premier Produce of South Florida, LLC, Willie Itule Produce, Inc.,

24   Victoria Pacific Trading Corp., and any other similarly situated bonafide PACA Trust Creditors

25   (collectively, the "**PACA Creditors**") and Cerberus Business Finance, LLC, as collateral agent and

26   administrative agent (the "**Agent**") for the Lenders under, and as defined in, that certain Financing

27   Agreement, dated as of February 1, 2017 (as amended), to which GFRC Holdings LLC, Garden

28   Fresh Restaurants LLC and GFRC Promotions LLC are party (the Agent and the Lenders,

collectively, the "**Secured Creditors**", and together with the PACA Creditors, collectively, the "**Claimants**"), on the other hand, who represent and stipulate as follows:

### FACTUAL RECITALS

A.     On or about May 15, 2020, the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code and the Trustee was appointed chapter 7 trustee of the bankruptcy estate (the "**Estate**").

B.     The Trustee asserts that property of the Estate includes the personal property located within the Debtor's eighty-five (85) restaurants (the "**Restaurants**"), eleven (11) restaurants that also include centralized kitchens (the "**Kitchens**"), one kitchen without a restaurant located in Fullerton, California (the "**Fullerton Warehouse**"), two (2) distribution centers (the "**Distribution Centers**"), three (3) local storage hubs (the "**Hubs**") and the corporate office in San Diego (the "**Corporate Office**") (collectively, the "**Personal Property**").

C.     The PACA Creditors assert that they supplied wholesale quantities of produce to the Debtor pre-petition and assert that they timely preserved their respective interests against the Debtor under the trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq.*, ("**PACA**") by delivering notice to the Debtor as required by 7 U.S.C. § 499e(c).

D.     PACA Creditors assert that some or all of the Personal Property is subject to the PACA trust, is not part of the Debtor's estate pursuant to Section 541(d) of Title 11 of the United States Code (the "**Bankruptcy Code**"), and that they have a super-priority interest in the Personal Property and/or the proceeds from the sale of the Personal Property.

E.     The PACA Creditors assert that additional produce suppliers holding valid PACA trust claims may exist, but that the Debtor's failure to file schedules has made it impossible for the Trustee or the PACA Creditors identified herein to determine all known or anticipated entities holding valid PACA trust claims against the Debtor.

F.     The Secured Creditors have asserted a security interest in all of the Debtor's property, including all of the Personal Property, pursuant to security interests which they assert were properly perfected.

G.      The PACA Creditors assert that they hold certain priority positions over other creditors pursuant to PACA and that the PACA trust encompasses all or a portion of the Personal Property.

H.      On May 26, 2020, the Trustee filed an Amended Notice of Proposed Auction in which she described the procedures to be utilized in selling a portion of the Personal Property located at the Distribution Center, the Fullerton Warehouse and the Hubs (the "**Tier 1 Notice**"). (ECF No. 38).

I.      On June 1, 2020, the Trustee filed a Notice of Proposed Auction proposing to sell additional Personal Property located at certain of the Restaurants, Kitchens and the Corporate Office.

J.      In order to allow the Trustee to perform her duties during the coronavirus pandemic, and to maximize the value of the assets in the Debtor's possession for the benefit of the Claimants, the estate, and all of the Debtor's creditors, the Trustee and the Claimants have agreed that the Trustee may proceed to market and sell the Personal Property subject to Court approval, on the following terms.

## STIPULATION

WHEREFORE, the Trustee and the Claimants (each a "**Party**" and collectively, the "**Parties**") hereby stipulate as follows:

1.      The Recitals contained in Paragraphs A through J above are true and correct and are incorporated herein by reference as though set forth in full.

2.      The Parties agree that the Claimants will accept payment on their claims based upon a calculation of proceeds realized by liquidation of the Personal Property located within the Distribution Centers, the Fullerton Warehouse, and the Hubs (the "**Tier 1 Property**") as follows:

    a.  The Trustee will first pay all costs of sale of the Tier 1 Property, including but not limited to auctioneer fees and expenses, any administrative rent the Estate actually incurs with respect to the Tier 1 Property through no later than June 30, 2020, any administrative utility expenses the Estate actually incurs with respect to the Tier 1 Property through no later than June 30, 2020, the Trustee's commission earned on

the Tier 1 Property, attorneys' fees the Estate incurs in procuring landlord approval, court approval and/or otherwise administering or liquidating the Tier 1 Property, any applicable sales tax that needs to be paid by the Estate in connection with the sale of the Tier 1 Property, and/or any allowed personal property tax liens that have attached to the Tier 1 Property and which are found to be senior to the PACA Creditors and/or the Secured Creditors;

b.   The residue of proceeds derived from the liquidation of the Tier 1 Property will be split 30% to the Estate and 70% to the Claimants.  The Trustee will maintain custody of the sums due to the Claimants, in a segregated account, until either (1) agreement between the Secured Creditors and the PACA Creditors as to division; or (2) resolution of priority issues as determined by a court of competent jurisdiction.

3.    With respect to the Kitchens and the Corporate Office, the Parties understand that not all Personal Property located in the Kitchens/Corporate Office are being sold by the Trustee, because in some instances, the landlords have not cooperated in the auction process.  However, solely as to any Personal Property located in the Kitchens or Corporate Office actually sold by the Trustee, the Parties further agree as follows:

a.   The Trustee will first pay all costs of sale of the Personal Property sold from the Kitchens/Corporate Office, including but not limited to auctioneer fees and expenses, any administrative rent the Estate actually incurs with respect to Kitchens/Corporate Office from which Personal Property is sold, through no later than June 30, 2020, any administrative utility expenses the Estate actually incurs with respect to Kitchens/Corporate Office from which Personal Property is sold, through no later than July 12, 2020, the Trustee's commission earned on Personal Property sold from Kitchens/Corporate Office, attorneys' fees the Estate incurs in procuring landlord approval, court approval and/or otherwise administering or liquidating these assets, any applicable sales tax that needs to be paid by the Estate in connection with the sale of these assets, and/or any allowed personal property tax

liens that have attached to these assets and which are found to be senior to the PACA Creditors and/or the Secured Creditors;

b. The residue of proceeds derived from the liquidation of the Kitchens/Corporate Office will be split 30% to the Estate and 70% to the Claimants. The Trustee will maintain custody of the sums due to the Claimants, in a segregated account, until either (1) agreement between the Secured Creditors and the PACA Creditors as to division; or (2) resolution of priority issues as determined by a court of competent jurisdiction.

4. The Parties further agree that Claimants will waive any rights to share in the proceeds from the sale of the Personal Property located in the Restaurants, such that any net proceeds from the sale of Personal Property located in the Restaurants after costs of sale and the various expenses such as those referenced in 2(a) above, will inure 100% to the benefit of the Estate.

5. The Parties further agree that the Claimants will retain the right to any deficiency claim and to share in any distribution to general unsecured creditors on account of such deficiency claim, or pursuant to any other rights which pre-exist the date of this Stipulation. The Parties reserve all rights with respect to such claims and except as expressly set forth herein, nothing in this Stipulation shall be construed to prime, subordinate, diminish or impair the rights of the Agent, the Secured Creditors or valid PACA trust beneficiaries.

6. In exchange for the consideration given by the Secured Creditors and PACA Creditors hereunder, the Trustee irrevocably waives any and all rights to surcharge costs or expenses of administration which have or may be incurred in this bankruptcy case at any time against the Secured Creditors and PACA Creditors, their respective claims or interests, and/or their collateral pursuant to Section 506(c) of the Bankruptcy Code or otherwise, without the prior written consent of Claimants, or any of them, in its sole and absolute discretion, and no such consent shall be implied from any other action, inaction or acquiescence by the Agent or any Secured Creditor or PACA Creditors.

7. The Trustee shall file a Notice of Intended Action to obtain Court approval of this Stipulation as a condition precedent for the benefit of all Parties hereto, and the rights and obligations of the Parties hereunder are contingent upon the entry of a final Court order approving this stipulation in this bankruptcy case.

8. This Stipulation shall be binding upon, and inure to the benefit of, all of Debtors' produce suppliers holding PACA trust claims.

9. Each Party acknowledges that it has read this Stipulation; that it fully understands its rights, privileges, and duties under this Stipulation; and that it enters into this Stipulation freely and voluntarily. Each Party further acknowledges that it has had the opportunity to consult with an attorney of its choice to explain the terms of this Stipulation and the consequences of signing it.

10. Each Party hereto represents and warrants to the other that it has the power, authority and ability to carry out the obligations assumed and promised hereunder.

11. Each Party hereto is to bear its respective attorneys' fees and costs, except that if an action is brought to enforce the terms of this Stipulation, or for a declaration of rights or obligations, the successful party shall be entitled to recover reasonable attorneys' fees.

12. This Stipulation shall be governed by, and construed and enforced in accordance with, the laws of the State of California.

13. This Stipulation may be executed in any number of counterparts, each of which so executed shall be deemed to be an original and such counterparts shall together constitute one and the same agreement. Counterparts may be delivered via facsimile, electronic mail (including pdf), or other transmission method and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes.

IN WITNESS WHEREOF, the Parties hereto have executed this Stipulation on the day and year indicated below.

Dated: _6-4_ , 2020

_____
Leslie T. Gladstone, Trustee

FINANCIAL
LAW GROUP

McCARRON & DIESS

Dated: _____, 2020

_____
Gregory Brown, Esq.,
Attorneys for
FreshPoint Atlanta, Inc.,
FreshPoint Central California, Inc.,
FreshPoint Central Florida, Inc.,
FreshPoint Denver, Inc.,
FreshPoint Southern California, Inc.,
FreshPoint South Florida, Inc.,
Premier Produce of South Florida, LLC, and
Willie Itule Produce, Inc.

Dated: _6-3_, 2020

RYNN & JANOWSKY, LLP

_____
Bart M. Botta, Esq.
Attorneys for Victoria Pacific Trading
Company

Cerberus Business Finance, LLC, as collateral
agent and administrative agent for the Secured
Creditors

Dated: _____, 2020

_____
Daniel E. Wolf
Chief Executive Officer

FINANCIAL
LAW GROUP

7

IN RE: GARDEN FRESH RESTAURANTS, LLC,., 20-02477-LA7
*STIPULATION RE: CARVE-OUT FROM SECURED CREDITOR'S CLAIM IN FAVOR OF CHAPTER 7 TRUSTEE AND ESTATE*

1

2

3

4

5   Dated: June 4 , 2020

· 6

7

8

9

10

11

McCARRON & DIESS

Gregory Brown, Esq.,
Attorneys for
FreshPoint Atlanta, Inc.,
FreshPoint Central California, Inc.,
FreshPoint Central Florida, Inc.,
FreshPoint Denver, Inc.,
FreshPoint Southern California, Inc.,
FreshPoint South Florida, Inc.,
Premier Produce of South Florida, LLC, and
Willie Itule Produce, Inc.

12   Dated: 6-3 , 2020

13

14

15

16

17

RYAN & JANOWSKY, LLP

Bart M. Botta, Esq.
Attorneys for Victoria Pacific Trading
Company

18

19

20

21   Dated: _____ , 2020

22

23

24

25

26

27

28

Cerberus Business Finance, LLC, as collateral
agent and administrative agent for the Secured
Creditors

Joseph Naccarato
Chief Operating Officer and Chief Credit Officer

FINANCIAL
LAW GROUP

Leslie T. Gladstone, Esq.  (SBN 144615)
Christin A. Batt, Esq.  (SBN 222584)
Derek A. Soinski, Esq. (SBN 293747)
FINANCIAL LAW GROUP
401 Via Del Norte
La Jolla, CA 92037
Telephone (858) 454-9887
Facsimile (858) 454-9596

Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re: | Case No.:  20-02477-LA7 |
|---|---|
| GARDEN FRESH RESTAURANTS, LLC, <br><br> Debtor. | **SUPPLEMENTAL DECLARATION OF LESLIE T. GLADSTONE IN SUPPORT OF TRUSTEE'S NOTICE OF INTENDED ACTION RE: APPROVAL OF STIPULATION RE: CARVE-OUT FROM SECURED CREDITORS AND PACA CREDITORS CLAIMS AND ALLOCATION OF PROCEEDS WITH RESPECT TO SALE OF PERSONAL PROPERTY** <br><br> Honorable Louise DeCarl Adler |

I, LESLIE T. GLADSTONE, declare:

1.       I am the chapter 7 trustee for the bankruptcy estate of Garden Fresh Restaurants, LLC (the "**Debtor**").  All the information contained herein is within my personal knowledge, except for those matters alleged on information and belief and as to those matters I believe them to be true.  If called as a witness, I could competently testify thereto.

FINANCIAL
LAW GROUP

Signed by Judge Louise DeCarl Adler July 7, 2020

2.      Attached hereto as <u>Exhibit A</u> and incorporated herein is the Addendum to the Stipulation Re: Carve-Out From Secured Creditors and PACA Creditors Claims and Allocation of Proceeds With Respect to Sale of Personal Property (the "**Addendum**").

3.      The purpose of the Addendum is to clarify that the split of net proceeds is a carve-out from the claims of Secured Creditors and/or PACA Creditors (the "**Carve-Out Funds**").

4.      This is a non-material change to the Stipulation because, absent a carve-out, these funds would be paid to the Secured Creditors and/or PACA Creditors.  Thus, no other creditor of the estate is harmed by the clarification and the Secured Creditors and PACA Creditor have signed the Addendum.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 26, 2020 at La Jolla, California.


    /s/ Leslie T. Gladstone
Leslie T. Gladstone

Signed by Judge Louise DeCarl Adler July 7, 2020

<u>PROOF OF SERVICE</u>

I, the undersigned, declare:

That I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to this action; and I am employed in the County of San Diego, California, within which county the subject mailing occurred.   My business address is 401 Via Del Norte, La Jolla, California 92037.

On **June 26, 2020**, I served the following document(s):

**SUPPLEMENTAL DECLARATION OF LESLIE T. GLADSTONE IN SUPPORT OF TRUSTEE'S NOTICE OF INTENDED ACTION RE: APPROVAL OF STIPULATION RE: CARVE-OUT FROM SECURED CREDITORS AND PACA CREDITORS CLAIMS AND ALLOCATION OF PROCEEDS WITH RESPECT TO SALE OF PERSONAL PROPERTY**

 **X**    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING "NEF")**:  Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On **June 26, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address(es) indicated below:

- Christin A. Batt    christinb@flgsd.com, sandray@flgsd.com; candic@flgsd.com; leslieg@flgsd.com; dereks@flgsd.com
- Christine E. Baur    christine@baurbklaw.com, admin@baurbklaw.com
- George B. Blackmar    gblackmar@bpslaw.net
- Michael D. Breslauer    mbreslauer@swsslaw.com, wyones@swsslaw.com
- Gregory Brown    gbrown@mccarronlaw.com
- Jeffrey D. Cawdrey    jcawdrey@gordonrees.com, sdurazo@grsm.com
- Caroline Djang    caroline.djang@bbklaw.com, sansanee.wells@bbklaw.com
- Jerome Bennett Friedman    jfriedman@flg-law.com, msobkowiak@flg-law.com; cllosa@flg-law.com
- Leslie T. Gladstone    candic@flgsd.com, christinb@flgsd.com; sandray@flgsd.com; ltg@trustesolutions.net; dereks@flgsd.com
- Leslie T. Gladstone    leslieg@flgsd.com, candic@flgsd.com; sandray@flgsd.com; christinb@flgsd.com;dereks@flgsd.com
- Michael Good    mgood@southbaylawfirm.com
- Thomas B. Gorrill    , r53431@notify.bestcase.com
- Michael I. Gottfried    MGottfried@elkinskalt.com, emeza@lgbfirm.com
- Michael S. Greger    mgreger@allenmatkins.com
- Sasha M. Gurvitz    sgurvitz@ktbslaw.com
- Brian D. Huben    carolod@ballardspahr.com; hubenb@ballardspahr.com; branchd@ballardspahr.com
- Gerald P. Kennedy    gerald.kennedy@procopio.com, kristina.terlaga@procopio.com; calendaring@procopio.com
- Cheryl Kenner    ckenner@shegerianlaw.com, calendarclerk@shegerianlaw.com
- Kaveh Keshmiri    kavehkeshmiri@gmail.com

IN RE: GARDEN FRESH RESTAURANTS, LLC, Case No. 20-02477-LA7

- Dean T. Kirby    dkirby@kirbymac.com, jwilson@kirbymac.com; rrobinson@kirbymac.com; Jacquelyn@ecf.inforuptcy.com; twright@kirbymac.com
- Ian S. Landsberg    ilandsberg@sklarkirsh.com, dzuniga@landsberg-law.com
- Gregory Markow    jkeatingwolk@cgs3.com
- Kevin P Montee    kmontee@monteefirm.com
- Adam Nach    adam.nach@lane-nach.com
- Julie H. Rome-Banks    julie@bindermalter.com
- Gary B. Rudolph    rudolph@sullivanhill.com, hill@sullivanhill.com; bkstaff@sullivanhill.com; vidovich@ecf.inforuptcy.com; rudolph@ecf.inforuptcy.com
- Allan D. Sarver    ads@asarverlaw.com
- Leslie Skorheim    leslie.skorheim@usdoj.gov, USTP.Region15@usdoj.gov, tiffany.l.carroll@usdoj.gov, abram.s.feuerstein@usdoj.gov
- Derek Andrew Soinski    dereks@flgsd.com, leslieg@flgsd.com; christinb@flgsd.com; candic@flgsd.com; sandray@flgsd.com
- United States Trustee    ustp.region15@usdoj.gov
- Gabe Wright    gwright@hahnlaw.com, lmay@hahnlaw.com;cmbeitel@hahnlaw.com
- Roye Zur    rzur@elkinskalt.com, vrichmond@lgbfirm.com

All other interested parties in this action that are not a registered ECF User are served as follows:

**X    by U.S. FIRST CLASS MAIL SERVICE, POSTAGE PREPAID** by placing each document in a sealed, envelope with postage thereon fully prepaid, for collection and mailing at Financial Law Group, La Jolla, California, following ordinary business practices and addressed as set forth below. I am familiar with the practice of Financial Law Group for collection for U.S. mail, said practice being that in the ordinary course of business, correspondence is picked up at our office the same day as it is placed for collection.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

Joseph Naccarato
Chief Operating Officer and Chief Credit Officer
Cerberus Business Finance, LLC
875 Third Avenue
New York, NY 10022
*Cerberus Business Finance, LLC*

Bartholomew M. Botta, Esq.,
Rynn & Janowsky, LLP
2603 Main Street, Ste. 1250
Irvine, CA 92614
*Attorney for Victoria Pacific Trading Company*

Ernie Zachary Park, Esq.
BEWLEY, LASSLEBEN & MILLER, LLP
13215 E. Penn Street, Ste. 510
Whittier, CA 90602-1797
*Special Notice Attorney for Franciscan AAH, LLC a California LLC*

Signed by Judge Louise DeCarl Adler July 7, 2020

David M. Blau, Esq.
Clark Hill PLC
151 S. Old Woodward Avenue, Ste. 20
Birmingham, MI 48009
*Special Notice Attorney for Creditors: Pleasant Hill Crescent Drive Investors, LLC, Vestar Best in the West Property, LLC, Vestar Bowles Crossing, LLC, and Vestar DRM-OPCO, L.L.C.*

Ken Burton, Jr., Tax Collector
1001 3rd Ave. W, Ste. 240
Manatee County Tax Collector
Bradenton, FL 34205-7863
*Special Notice Creditor*

James B. Holden
Colorado Department of Law
1300 Broadway, 8th Floor
Denver, CO 80203
*Special Notice Attorney for Ralph L. Carr Colorado Judicial Center*

Deanna Lee Westfall, Assistant Attorney General
Colorado Department of Law
1300 Broadway, 8th Floor
Denver, CO 80203
*Special Notice Creditor*

G. Andrew Slater, Esq.,
Dowling Aaron Incorporated
8080 North Palm Avenue, Third Floor
P.O. Box 28902
Fresno, CA 93729
*Special Notice Attorney for Julio A. Martin Family Trust Dated 12/5/2003*

    I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

    Executed on **June 26, 2020,** at La Jolla, California.

                  /s/ Candi Collins
                  Candi Collins

FINANCIAL
LAW GROUP

Signed by Judge Louise DeCarl Adler July 7, 2020

# EXHIBIT A

# EXHIBIT A

ADDENDUM TO STIPULATION RE: CARVE OUT

FROM SECURED CREDITORS AND PACA CREDITORS CLAIMS

AND ALLOCATION OF PROCEEDS WITH RESPECT TO SALE OF PERSONAL
PROPERTY

This Addendum to Stipulation is entered into by and between Leslie T. Gladstone,
chapter 7 trustee (the "**Trustee**") on the one hand, and FreshPoint Atlanta, Inc., FreshPoint
Central California, Inc., FreshPoint Central Florida, Inc., FreshPoint Denver, Inc., FreshPoint
Southern California, Inc., FreshPoint South Florida, Inc., Premier Produce of South Florida,
LLC, Willie Itule Produce, Inc., Victoria Pacific Trading Corp., and any other similarly situated
bonafide PACA Trust Creditors (collectively, the "**PACA Creditors**") and Cerberus Business
Finance, LLC, as collateral agent and administrative agent (the "**Agent**") for the Lenders under,
and as defined in, that certain Financing Agreement, dated as of February 1, 2017 (as amended),
to which GFRC Holdings LLC, Garden Fresh Restaurants LLC and GFRC Promotions LLC are
party (the Agent and the Lenders, collectively, the "**Secured Creditors**", and together with the
PACA Creditors, collectively, the "**Claimants**"), on the other hand, pursuant to the following
facts:

A   The Trustee and Claimants entered into the Stipulation Re: Carve-Out From Secured
    Creditors and PACA Creditors Claims and Allocation of Proceeds with Respect to Sale
    of Personal Property (the "Stipulation") on or about June 4, 2020.

B   The Parties agree that paragraphs 2-4 of the Stipulation should be changed to read as
    follows:

    2.   The Parties agree that the Claimants will accept payment on their claims
         based upon a calculation of proceeds realized by liquidation of the Personal
         Property located within the Distribution Centers, the Fullerton Warehouse,
         and the Hubs (the "**Tier 1 Property**") as follows:

         a.   The Trustee will first pay all costs of sale of the Tier 1 Property,
              including but not limited to auctioneer fees and expenses, any
              administrative rent the Estate actually incurs with respect to the Tier 1
              Property through no later than June 30, 2020, any administrative utility
              expenses the Estate actually incurs with respect to the Tier 1 Property
              through no later than June 30, 2020, the Trustee's commission earned on
              the Tier 1 Property, attorneys' fees the Estate incurs in procuring landlord
              approval, court approval and/or otherwise administering or liquidating
              the Tier 1 Property, any applicable sales tax that needs to be paid by the
              Estate in connection with the sale of the Tier 1 Property, and/or any
              allowed personal property tax liens that have attached to the Tier 1
              Property and which are found to be senior to the PACA Creditors and/or
              the Secured Creditors;

b. The residue of proceeds derived from the liquidation of the Tier 1 Property will be split 30% to the Estate (as a carve-out from the PACA Creditors and/or Secured Creditors Claims) and 70% to the Claimants. The Trustee will maintain custody of the sums due to the Claimants, in a segregated account, until either (1) agreement between the Secured Creditors and the PACA Creditors as to division; or (2) resolution of priority issues as determined by a court of competent jurisdiction.

3. With respect to the Kitchens and the Corporate Office, the Parties understand that not all Personal Property located in the Kitchens/Corporate Office are being sold by the Trustee, because in some instances, the landlords have not cooperated in the auction process. However, solely as to any Personal Property located in the Kitchens or Corporate Office actually sold by the Trustee, the Parties further agree as follows:

a. The Trustee will first pay all costs of sale of the Personal Property sold from the Kitchens/Corporate Office, including but not limited to auctioneer fees and expenses, any administrative rent the Estate actually incurs with respect to Kitchens/Corporate Office from which Personal Property is sold, through no later than June 30, 2020, any administrative utility expenses the Estate actually incurs with respect to Kitchens/Corporate Office from which Personal Property is sold, through no later than July 12, 2020, the Trustee's commission earned on Personal Property sold from Kitchens/Corporate Office, attorneys' fees the Estate incurs in procuring landlord approval, court approval and/or otherwise administering or liquidating these assets, any applicable sales tax that needs to be paid by the Estate in connection with the sale of these assets, and/or any allowed personal property tax liens that have attached to these assets and which are found to be senior to the PACA Creditors and/or the Secured Creditors;

b. The residue of proceeds derived from the liquidation of the Kitchens/Corporate Office will be split 30% to the Estate (as a carve-out from the PACA Creditors and/or Secured Creditors Claims) and 70% to the Claimants. The Trustee will maintain custody of the sums due to the Claimants, in a segregated account, until either (1) agreement between the Secured Creditors and the PACA Creditors as to division; or (2) resolution of priority issues as determined by a court of competent jurisdiction.

4. With respect to the Restaurants, the Parties understand that not all Personal Property located in the Restaurants is being sold by the Trustee, because in some instances, the landlords have not cooperated in the auction process. However, solely as to any Personal Property located in the Restaurants actually sold by the Trustee, the Parties further agree as follows:

a. (as a carve-out from the PACA Creditors and/or Secured Creditors Claims) The Trustee will first pay all costs of sale of the Personal Property sold from the Restaurants, including but not limited to auctioneer fees and expenses, any administrative rent the Estate actually incurs with respect to Restaurants from which Personal Property is sold, any administrative utility expenses the Estate actually incurs with respect to Restaurants from which Personal Property is sold, the Trustee's commission earned on Personal Property sold from Restaurants, attorneys' fees the Estate incurs in procuring landlord approval, court approval and/or otherwise administering or liquidating these assets, any applicable sales tax that needs to be paid by the Estate in connection with the sale of these assets, and/or any allowed personal property tax liens that have attached to these assets and which are found to be senior to the PACA Creditors and/or the Secured Creditors;

b. The residue of proceeds derived from the liquidation of the Restaurants will be carved out from the PACA Creditors and/or the Secured Creditors Claims such that 100% of the net proceeds will inure to the Estate.

IN WITNESS WHEREOF, the Parties hereto have executed this Stipulation on the day and year indicated below.

Dated: ___June 26___, 2020

Leslie T. Gladstone, Trustee

McCARRON & DIESS

Dated: _June 26___, 2020

Gregory Brown, Esq.,
Attorneys for
FreshPoint Atlanta, Inc.,
FreshPoint Central California, Inc.,
FreshPoint Central Florida, Inc.,
FreshPoint Denver, Inc.,
FreshPoint Southern California, Inc.,
FreshPoint South Florida, Inc.,
Premier Produce of South Florida, LLC,
and Willie Itule Produce, Inc.

Dated: _____, 2020

RYNN & JANOWSKY, LLP


_____
Bart M. Botta, Esq.
Attorneys for Victoria Pacific Trading
Company


Cerberus Business Finance, LLC, as
collateral agent and administrative agent
for the Secured Creditors

Dated: _____, 2020

_____
Joseph Naccarato
Chief Operating Officer and Chief Credit
        Officer

Dated: 6-26, 2020

RYNN & JANOWSKY, LLP

_____
Bart M. Botta, Esq.
Attorneys for Victoria Pacific Trading
Company


Cerberus Business Finance, LLC, as
collateral agent and administrative agent
for the Secured Creditors

Dated: _____, 2020

_____
Joseph Naccarato
Chief Operating Officer and Chief Credit
    Officer