Leslie T. Gladstone, Esq. (SBN 144615)
Christin A. Batt, Esq. (SBN 222584)
Derek A. Soinski, Esq. (SBN 293747)
FINANCIAL LAW GROUP
401 Via Del Norte
La Jolla, CA 92037
Telephone (858) 454-9887
Facsimile (858) 454-9596

Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>GARDEN FRESH RESTAURANTS, LLC,<br><br>Debtor. | Case No.: 20-02477-LA7<br><br>**EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR NOTICE OF TRUSTEES' JOINT MOTION TO APPROVE ASSET PURCHASE AGREEMENT, PURSUANT TO 11 U.S.C. SECTION 363, FREE AND CLEAR OF LIENS, ENCUMBRANCES AND SIMILAR INTERESTS**<br><br>[No hearing required]<br>Dept:     Two (2)<br>Honorable Louise DeCarl Adler |

Leslie T. Gladstone, chapter 7 trustee (the "**Garden Trustee**") and Leonard J. Ackerman (the "**GFRC Trustee**"), hereby apply to the Court, on an *ex parte* basis, for entry of an Order Shortening Time for Notice of Trustees' Joint Motion to Approve Asset Purchase Agreement, Pursuant to 11 U.S.C. Section 363, Free and Clear of Liens, Encumbrances and Similar Interests.

This *ex parte* application is based on the Declaration of Leslie T. Gladstone ("**Gladstone Declaration**") filed concurrently herewith.[1]

## BACKGROUND AND THE NEED FOR EXPEDITED RELIEF

A bankruptcy case was commenced by Garden Fresh Restaurants, LLC ("**Garden**") on May 14, 2020 (the "**Petition Date**"), under chapter 7 of the United States Bankruptcy Code. The Garden Trustee was appointed the chapter 7 trustee of the Garden bankruptcy estate (the "**Garden Estate**") on May 15, 2020.

Also, on May 14, 2020, a bankruptcy case was commenced by GFRC Holdings, LLC ("**GFRC**"), the parent company to Garden. The Garden Trustee was initially appointed on May 15, 2020, but thereafter Leonard J. Ackerman was appointed as successor trustee (the "**GFRC Trustee**") of the GFRC Estate (the "**GFRC Estate**").

Assets of the Garden bankruptcy estate include the trademark of "Garden Fresh" (the "**Garden Fresh Trademark**"), as well as certain books and records related to the payroll of Garden (the "**Books and Records**"). Assets of the GFRC bankruptcy estate include the 100% membership interest in Garden (the "**Membership Interest**").

The Garden Trustee and the GFRC Trustee (collectively, the "**Trustees**") negotiated a Purchase and Sale Agreement (the "**Agreement**") to sell the Garden Fresh Trademark, the Books and Records and the Membership Interest (collectively, the "**Assets**") to Sahara Capital Partners, LLC and JEK Construction, LLC (collectively, the "**Buyer**"). Buyer desires to purchase the Assets for a total consideration of Seven Hundred and Fifty Thousand Dollars ($750,000.00).

The Trustees' are informed and believe that Buyer is intending to commence a soup kitchen non-profit and wants to acquire the Garden Fresh Trademark, as well as the corporate structure afforded by the Membership Interest in order to avail itself of certain payroll protection loan program(s), which Buyer understands to be obtainable. Buyer has conducted its own due diligence

---

[1] The Trustees respectfully request, pursuant to Rule 201 of the Federal Rules of Evidence, made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, that the Court take judicial notice of the case docket for Garden Fresh Restaurants, LLC and GFRC Holdings, LLC and each of the pleadings and other documents on file in these cases.

and is buying the Assets "as-is" "where-is" with no representations or warranties concerning the ability to successfully apply for these payroll protection loans.

The Agreement will transfer the Assets only and specifically excludes any other assets of the estates. And Buyer understands that nothing in the Agreement contemplates or operates as a discharge under the Bankruptcy Code of any debt or claim against GFRC and/or Garden except that the Assets will be sold free and clear of liens, encumbrances and similar interests.

The Trustees have entered into carve-out agreements with the Secured Creditors such that administrative expenses and costs of sale are paid "off the top," and then net proceeds are divided between the Secured Creditor, the Garden Estate and the GFRC Estate. For the Garden Estate, the parties have agreed to a 75/25 split of the <u>net</u> proceeds. For the GFRC Estate, the parties have also agreed to a 75/25 split of the <u>net</u> proceeds and because of the expected small number of claims in that case, Secured Creditor has further agreed to subordinate its unsecured deficiency claim behind a payment to unsecured creditors in the lesser amount of $20,000.00, or 50% of total allowed claims. The Trustees have also agreed amongst them that 75% of the gross proceeds from the Agreement will be allocated to the Garden Fresh Trademark and Books and Records and 25% shall be allocated to the Membership Interest.

It is vital that the sale be consummated on or before July 30, 2020, in order to ensure that any rights that may exist for Buyer to participate in the payroll protection program can be timely utilized. Also, the Garden Estate must know if this sale is consummated prior to filing its 2nd quarter payroll tax return (which is due July 31, 2020), so that the return can be accurately and timely prepared.

The Trustees do not expect any opposition to this application. Consequently, the Trustees request that the time period for the Notice be shortened to seven (7) days, which includes three (3) days for mail service.

## **GOOD CAUSE EXISTS TO SHORTEN TIME FOR THE NOTICE OF SALE**

Federal Rule of Bankruptcy Procedure 9006 provides:

> Except as provided in [FRBP 9006(c)(2)], when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

Fed. R. Bankr. P. 9006(c)(1); *see also* Local Bankr. R. 9006-1(f). Because a Motion to Approve Sale of Assets does not fall into any of the categories listed in Federal Rule of Bankruptcy Procedure 9006(c)(2), the Court may shorten time for the Notice.

Good cause exists to grant this application. Unless the sale is approved on or before July 30, 2020, the opportunity to sell will be completely lost. Also, no creditor is harmed by the shortened notice because the Assets are all fully liened by Secured Creditor. Lastly, creditors of the Garden Estate and the GFRC Estate will benefit from the sale based on the carve-out stipulations.

Shortened notice will not prejudice any party. Accordingly, good cause exists to grant this application.

## **CONCLUSION**

WHEREFORE, the Trustees request that the Court enter an order shortening time for the Notice of Trustees' Joint Motion to Approve Asset Purchase Agreement, Pursuant to 11 U.S.C. Section 363, Free and Clear of Liens, Encumbrances and Similar Interests to seven (7) days, which includes three (3) days for mail service, or such other time period as the Court deems advisable. It is crucial for the Trustees to conclude the sale prior to July 30, 2020 in order to ensure that any rights that may exist are timely transferred to Buyer and so that the second quarter payroll return can be accurately prepared.

The Trustees also request such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: July 17, 2020                    FINANCIAL LAW GROUP

By:    /s/ Leslie T. Gladstone
Leslie T. Gladstone, Esq.
Attorneys for Leslie T. Gladstone, Trustee
for Garden Fresh Restaurants, LLC

4                    IN RE: GARDEN FRESH RESTAURANTS, LLC, 20-02477-LA7
*EX PARTE* APPLICATION FOR ORDER SHORTENING TIME

| | |
|---|---|
| Dated: July 17, 2020 | LAW OFFICE OF LEONARD J. ACKERMAN <br><br> By:  /s/ Leonard J. Ackerman <br> Leonard J. Ackerman, Esq. <br> Attorneys for Leonard J. Ackerman, <br> Trustee for GFRC Holdings, LLC |