| | |
|---|---|
| 1 | Leslie T. Gladstone, Esq.  (SBN 144615) |
| 2 | Christin A. Batt, Esq.  (SBN 222584) |
|   | Derek A. Soinski, Esq. (SBN 293747) |
| 3 | FINANCIAL LAW GROUP |
|   | 401 Via Del Norte |
| 4 | La Jolla, CA 92037 |
|   | Telephone (858) 454-9887 |
| 5 | Facsimile (858) 454-9596 |
| 6 | Attorneys for Leslie T. Gladstone, Chapter 7 Trustee |

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re: | Case No.:  20-02477-LA7 |
|---|---|
| GARDEN FRESH RESTAURANTS, LLC, | **DECLARATION OF LESLIE T. GLADSTONE IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME FOR NOTICE OF TRUSTEES' JOINT MOTION TO APPROVE ASSET PURCHASE AGREEMENT, PURSUANT TO 11 U.S.C. SECTION 363, FREE AND CLEAR OF LIENS, ENCUMBRANCES AND SIMILAR INTERESTS** |
| Debtor. | [No hearing required]<br>Dept:        Two (2)<br>Honorable Louise DeCarl Adler |

I, LESLIE T. GLADSTONE, declare as follows:

1.     I am the chapter 7 trustee for the bankruptcy estate of Garden Fresh Restaurants, LLC (the "**Garden**").  All the information contained herein is within my personal knowledge, except for those matters alleged on information and belief and as to those matters I believe them to be true.  If called as a witness, I could competently testify thereto.

FINANCIAL LAW GROUP

1      IN RE: GARDEN FRESH RESTAURANTS, LLC, 20-02477-LA7
GLADSTONE DECLARATION IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME

2. Leonard J. Ackerman, chapter 7 trustee of the GFRC Holdings, LLC bankruptcy case (the "**GFRC Trustee**") and I hereby apply to the Court, on an *ex parte* basis, for entry of an Order Shortening Time for Notice of Trustees' Joint Motion to Approve Asset Purchase Agreement, Pursuant to 11 U.S.C. Section 363, Free and Clear of Liens, Encumbrances and Similar Interests.

3. On May 14, 2020, a bankruptcy case was commenced by GFRC Holdings, LLC ("**GFRC**"), the parent company to Garden. I was initially appointed on May 15, 2020, but thereafter Leonard J. Ackerman was appointed as successor trustee (the "**GFRC Trustee**") of the GFRC Estate (the "**GFRC Estate**").

4. Assets of the Garden bankruptcy estate include the trademark of "Garden Fresh" (the "**Garden Fresh Trademark**"), as well as certain books and records related to the payroll of Garden (the "**Books and Records**"). Assets of the GFRC bankruptcy estate include the 100% membership interest in Garden (the "**Membership Interest**").

5. The GFRC Trustee and I have negotiated a Purchase and Sale Agreement (the "**Agreement**") to sell the Garden Fresh Trademark, the Books and Records and the Membership Interest (collectively, the "**Assets**") to Sahara Capital Partners, LLC and JEK Construction, LLC (collectively, the "**Buyer**") for the purchase of the Assets for a total consideration of Seven Hundred and Fifty Thousand Dollars ($750,000.00).

6. I am informed and believe that Buyer is intending to commence a soup kitchen non-profit and wants to acquire the Garden Fresh Trademark, as well as the corporate structure afforded by the Membership Interest in order to avail itself of certain payroll protection loan program(s), which Buyer understands to be obtainable.

7. I am informed and believe that Buyer has conducted its own due diligence and is

FINANCIAL LAW GROUP

2    IN RE: GARDEN FRESH RESTAURANTS, LLC, 20-02477-LA7
GLADSTONE DECLARATION IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME

buying the Assets "as-is" "where-is" with no representations or warranties concerning the ability to successfully apply for these payroll protection loans.

8. The Agreement will transfer the Assets only and specifically excludes any other assets of the estates. And Buyer understands that nothing in the Agreement contemplates or operates as a discharge under the Bankruptcy Code of any debt or claim against GFRC and/or Garden except that the Assets will be sold free and clear of liens, encumbrances and similar interests.

9. The GFRC Trustee and I have entered into carve-out agreements with the Secured Creditors such that administrative expenses and costs of sale are paid "off the top," and then net proceeds are divided between the Secured Creditor, the Garden Estate and the GFRC Estate. For the Garden Estate, the parties have agreed to a 75/25 split of the <u>net</u> proceeds. For the GFRC Estate, the parties have also agreed to a 75/25 split of the <u>net</u> proceeds and because of the expected small number of claims in that case, Secured Creditor has further agreed to subordinate its unsecured deficiency claim behind a payment to unsecured creditors in the lesser amount of $20,000.00, or 50% of total allowed claims. The GFRC Trustee and I have also agreed amongst us that 75% of the gross proceeds from the Agreement will be allocated to the Garden Fresh Trademark and Books and Records and 25% shall be allocated to the Membership Interest.

10. It is vital that the sale be consummated on or before July 30, 2020, in order to ensure that any rights that may exist for Buyer to participate in the payroll protection program can be timely utilized. Also, I must know if this sale is consummated prior to filing my 2nd quarter payroll tax return (which is due July 31, 2020), so that the return can be accurately and timely prepared.

11. The GFRC Trustee and I do not expect any opposition to this application.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 17, 2020 at La Jolla, California.

/s/ Leslie T. Gladstone
Leslie T. Gladstone, Chapter 7 Trustee

Financial Law Group

3   IN RE: GARDEN FRESH RESTAURANTS, LLC, 20-02477-LA7
GLADSTONE DECLARATION IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME