**CSD 1001A** [07/01/18]
Name, Address, Telephone No. & I.D. No.
Leslie T. Gladstone, Esq., (SBN 144615)
Christin A. Batt, Esq., (SBN 222584)
Derek A. Soinski, Esq., (SBN 293747)
Financial Law Group
401 Via Del Norte, La Jolla, CA 92037
Telephone (858) 454-9887; Facsimile (858) 454-9596
Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

Order Entered on
August 20, 2020
by Clerk U.S. Bankruptcy Court
Southern District of California

### UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

| In Re | |
|---|---|
| GARDEN FRESH RESTAURANTS, LLC, | BANKRUPTCY NO. 20-02477-LA7. |
| | Adversary No. |
| | Date of Hearing: N/A |
| | Time of Hearing: N/A |
| Debtor. | Name of Judge: Louise DeCarl Adler |

## ORDER ON APPROVAL OF

### SECOND STIPULATION RE: CARVE-OUT FROM SECURED CREDITORS AND PACA CREDITOR CLAIMS AND ALLOCATION OF PROCEEDS WITH RESPECT TO SALE OF PERSONAL PROPERTY

The court orders as set forth on the continuation pages attached and numbered ___2___ through ___21___ with

exhibits, if any, for a total of ___21___ pages. Motion/Application Docket Entry No. ___451___ .

//

//

//

//

//

//

//

DATED:   August 20, 2020

Judge, United States Bankruptcy Court

CSD 1001A

**CSD 1001A** [07/01/18](Page 2)
ORDER ON SECOND STIPULATION RE: CARVE-OUT FROM SECURED CREDITORS AND PACA CREDITOR ■
DEBTOR: GARDEN FRESH RESTAURANTS, LLC,                                    CASE NO: 20-02477-LA7

On or about July 21, 2020, Leslie T. Gladstone (the "Trustee") filed and served her Notice of Intended Action and Opportunity for Hearing regarding her intent to enter into a Second Stipulation Re: Carve-Out from Secured Creditors and PACA Creditor Claims and Allocation of Proceeds with Respect to Sale of Personal Property. It appearing that no opposition was filed; and the Court finding that the proposed settlement is fair, reasonable and adequate, that notice was proper and that good cause exists to authorize the Trustee to enter into the settlement described in the Notice of Intended Action.

IT IS HEREBY ORDERED AS FOLLOWS:

1.  The Trustee is authorized to enter into the Second Stipulation Re: Carve-Out from Secured Creditors and PACA Creditor Claims and Allocation of Proceeds with Respect to Sale of Personal Property as described in the Notice of Intended Action attached hereto as Exhibit "1."

IT IS SO ORDERED.

CSD 1001A

Signed by Judge Louise DeCarl Adler August 20, 2020

**EXHIBIT "1"**

**EXHIBIT "1"**

CSD 2062 [05/19/17]
Court Telephone: (619) 557-5620          Court Hours: 9:00am-4:00pm, Monday-Friday
www.casb.uscourts.gov
Leslie T. Gladstone, Esq., (SBN 144615)
Christin A. Batt, Esq., (SBN 222584)
Derek A. Soinski, Esq., (SBN 293747)
Financial Law Group
401 Via Del Norte
La Jolla, CA 92037
Telephone (858) 454-9887
Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### 325 West F Street, San Diego, California 92101-6991

In re

GARDEN FRESH RESTAURANTS, LLC,

                                        Debtor(s).

BANKRUPTCY NO. 20-02477-LA7

---

### TRUSTEE'S NOTICE OF INTENDED ACTION AND OPPORTUNITY FOR HEARING

**TO THE DEBTOR(S), ALL CREDITORS AND OTHER PARTIES IN INTEREST:**

> **You are hereby notified** that the undersigned Trustee proposes to:

☐ Compromise or settle the following controversy [description of controversy to be settled and financial impact on estate as required by Local Bankruptcy Rule 9019]; or

☐ **Allowance of compensation or reimbursement of expenses by trustee in the amounts indicated below [information required by Federal Rule of Bankruptcy Procedure 2002(c)(2)]; or**

☒ Other: **The Trustee seeks approval of Second Stipulation Re: Carve-Out from Secured Creditors and PACA Creditor Claims and Allocation of Proceeds with Respect to Sale of Personal Property. See Exhibit "A" attached hereto and herein incorporated by reference for the terms of the settlement.**

> **The Trustee has evaluated the following factors and determined, in her business judgment, that this compromise is fair, reasonable, and adequate; (a) the probability of success in litigation of this matter; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. This stipulation is in the best interest of the estate as it will provide funds to the estate without the need to go through the time and expense of further litigation.**

> **Wherefore, the Trustee requests that this Court approves the Second Stipulation Re: Carve-Out from Secured Creditors and PACA Creditor Claims and Allocation of Proceeds with Respect to Sale of Personal Property.**

IF YOU OBJECT TO THE PROPOSED ACTION:

1.  **YOU ARE REQUIRED** to obtain a hearing date and time from the appropriate Courtroom Deputy for the judge assigned to this bankruptcy case. Determine which deputy to call by looking at the Bankruptcy Case No. in the caption on Page 1 of this notice. If the case number is followed by the letter:

    -   MM - call (619) 557-7407 - DEPARTMENT ONE (Room 218)
    -   LA - call (619) 557-6594 - DEPARTMENT TWO (Room 118)
    -   LT - call (619) 557-6018 - DEPARTMENT THREE (Room 129)
    -   CL - call (619) 557-6019 - DEPARTMENT FIVE (Room 318)

CSD 2062

CSD 2062 (Page 2) [05/19/17]

2.    **Within twenty-one (21)[1] days from the date of this notice**, you are further required to serve a copy of your **Declaration in Opposition** and separate Request and **Notice of Hearing** [Local Form CSD 1184[2]] upon the undersigned Trustee, together with any opposing papers. A copy of these documents must also be served upon the United States Trustee at 880 Front Street, Ste. 3230, San Diego, CA 92101. The opposing declaration must be signed and verified in the manner prescribed by Federal Rule of Bankruptcy Procedure 9011, and the declaration must:

    a.    identify the interest of the opposing party; and

    b.    state, with particularity, the factual and legal grounds for the opposition.

3.    **You must** file the original and one copy of the Declaration and Request and Notice of Hearing with proof of service with the Clerk of the U.S. Bankruptcy Court at 325 West "F" Street, San Diego, California 92101-6991, no later than the next business day following the date of service.

    **If you fail to serve your "Declaration in Opposition to Intended Action" and "Request and Notice of Hearing"** within the 21-day[1] period provided by this notice, no hearing will take place, you shall lose your opportunity for hearing, and the Trustee may proceed to take the intended action.

Dated: July 21, 2020

/s/   Leslie T. Gladstone
Leslie T. Gladstone, Chapter 7 Trustee
Address: 401 Via Del Norte
La Jolla, CA 92037
Phone No. (858) 454-9887

---

[1]Depending on how you were served, you may have additional time for response. See FRBP 9006.

[2]You may obtain Local Form CSD 1184 from the office of the Clerk of the U.S. Bankruptcy Court.

CSD 2062

# EXHIBIT A

# EXHIBIT A

GARDEN FRESH RESTAURANTS, LLC
Case No. 20-02477-LA7

## EXHIBIT A
## NOTICE OF INTENDED ACTION

Leslie T. Gladstone, the chapter 7 trustee (the "**Trustee**") in the case of Garden Fresh Restaurants. LLC (the "**Debtor**"), seeks an order approving a compromise with FreshPoint Atlanta, Inc., FreshPoint Central California, Inc., FreshPoint Central Florida, Inc., FreshPoint Denver, Inc., FreshPoint Southern California, Inc., FreshPoint South Florida, Inc., Premier Produce of South Florida, LLC, Willie Itule Produce, Inc., Victoria Pacific Trading Corp., Quality Fruit & Vegetable and any other similarly situated bonafide PACA Trust Creditors (collectively, "**PACA Creditors**") and Cerberus Business Finance, LLC, as collateral agent and administrative agent (the "**Agent**") for the Lenders under, and as defined in, that certain Financing Agreement, dated as of February 1, 2017 (as amended), to which GFRC Holdings LLC, Garden Fresh Restaurants LLC and GFRC Promotions LLC are party (the Agent and the Lenders, collectively, "**Secured Creditors**", and together with PACA Creditors, collectively, the "**Claimants**").[1]

## BACKGROUND

On or about May 15, 2020, the Debtor filed a voluntary bare-bones chapter 7 bankruptcy petition.

On or about July 7, 2020, the Court approved a Stipulation Re: Carve-Out by and between the Trustee, Secured Creditors and PACA Creditors, with respect to various personal property assets located at the Debtor's restaurants, distribution centers, centralized kitchens and corporate office (the "**First Stipulation**").

The parties now desire to enter into a second stipulation for carve-out with respect to other potential assets in this Estate, as follows:

1.  Utility and other vendor deposits, rebates, and/or refunds;
2.  Miscellaneous accounts receivables, including unclaimed funds (but excluding any accounts receivables arising from or relating to Intellectual Property, as defined below);
3.  Tax refunds;
4.  Insurance refunds;
5.  Litigation recoveries for Flooring dispute, the dispute with CBS, and/or any other litigation pending or arising prior to the filing of the bankruptcy (but excluding any recovery based on the Visa/Mastercard class action); and
6.  Sale of assets held by third parties, including IT assets held by CBS;

(Collectively, the "**Group 1 Assets**").

In addition, Secured Creditors desire to enter into a stipulation for carve-out with respect to other assets in the Estate, as follows:

1.  All the Intellectual Property assets of the Debtor (the "**Intellectual Property**"), including, without limitation, as follows:

    a.  Trademarks, trademark applications, copyrights, domain names, and social media accounts;
    b.  The certain Brand and Product License Agreement with Gold Coast Packing, Inc. and all accounts receivables and other proceeds arising therefrom;
    c.  Recipes, trade secrets, marketing materials, customer lists, and any related assets; and
    d.  Any other Intellectual Property and proceeds therefrom, including, for the avoidance of doubt, proceeds from any sale of assets in connection with the proposed joint sale between the Debtor, GFRC Holdings LLC and Sahara Capital Partners, LLC;

2.  Tax credits; and

---

[1]    The comments set forth in this Notice are for purposes of explaining the benefits of the proposed compromise. They do not constitute admissions by the Trustee in this or any other proceeding, and the Trustee reserves all rights available to the estate if the compromise is not approved.

1

3.    Any recovery based on the Visa/Mastercard class action (collectively, with the Intellectual Property and tax credits, the "**Group 2 Assets**").

PACA Creditors claim a lien with respect to any recoveries under the Debtor's D&O insurance policy (the "**D&O Policy**"). The Estate disputes this contention.

The parties desire to enter into a stipulation for carve-out with respect to any insurance recoveries under the Debtor's other insurance policies, including, without limitation, the Debtor's Crime Coverage Policy (but excluding any recovery under the D&O Policy) (the "**Other Insurance Policies**," and together with the Group 2 Assets, and the Group 1 Assets, collectively, the "**Assets**").

PACA Creditors assert that they supplied wholesale quantities of produce to the Debtor pre-petition and assert that they timely preserved their respective interests against the Debtor under the trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq.*, ("**PACA**") by delivering notice to the Debtor as required by 7 U.S.C. § 499e(c).

PACA Creditors assert that some or all of the Assets (other than the Intellectual Property) are subject to the PACA trust, are not part of the Debtor's Estate pursuant to Section 541(d) of Title 11 of the United States Code (the "**Bankruptcy Code**"), and that they have a super-priority interest in such Assets and/or the proceeds from the sale of such Assets.

PACA Creditors do not assert an interest in the Intellectual Property.

Secured Creditors have asserted a security interest in all of the Debtor's property, including all of the Assets and the Intellectual Property (but not including any recovery under the D&O Policy), pursuant to security interests which they assert were properly perfected.

PACA Creditors assert that they hold certain priority positions over other creditors pursuant to PACA and that the PACA trust encompasses all or a portion of the Assets (other than the Intellectual Property).

In order to maximize the value of the Assets for the benefit of the Claimants, the Estate, and all of the Debtor's creditors, the Trustee and the Claimants have agreed that the Trustee may proceed to market and sell the Assets subject to Court approval, on the following terms.

### SUMMARY OF MATERIAL TERMS OF STIPULATION

A copy of the Second Stipulation re: Carve-Out from Secured Creditors and PACA Creditors Claims and Allocation of Proceeds with Respect to Sale of Personal Property (the "**Stipulation**") is attached hereto as Exhibit 1.

Pursuant to the terms of the Stipulation, which has been executed by the parties, but remains subject to Court approval (the "**Compromise**"),[2] the Claimants will accept payment on their claims based upon a calculation of proceeds realized by liquidation of Assets as follows:

a.    The Trustee will first pay all costs of sale of the Assets, including auctioneer fees and expenses, any administrative utility expenses the Estate actually incurs which are asserted as an offset to utility refunds and which remain unpaid from the First Stipulation, the Trustee's (and/or GFRC Holdings Trustee's) commission earned on the Assets, attorneys' fees or other professional fees the Estate incurs in administrating, analyzing, collecting or selling the Assets, including contingency and/or hourly rate counsel, any applicable sales tax that needs to be paid by the Estate in connection with the sale of the Assets, and/or any allowed tax liens that have attached to the Assets, or any of them and which are found to be senior to PACA Creditors and/or Secured Creditors;

b.    Payment of the expenses referenced in 2(a) above shall be made from the collective funds received from sale of the Assets, regardless of whether the particular asset to which the expense applies is actually sold and whether or not the funds received for the particular asset are sufficient to cover the expense, except that (i) any contingency fee or lien claim shall only be made from the particular asset to which it pertains;

---

[2]    Nothing herein shall be deemed to modify, alter, or otherwise affect the provisions of the Stipulation. To the extent anything herein is inconsistent with the terms of the Stipulation, the terms of the Stipulation shall control.

Signed by Judge Louise DeCarl Adler August 20, 2020

   c.   The residue of proceeds derived from the liquidation of the Group 1 Assets will be split 30% to the Estate (as a carve-out from the PACA Creditors' and/or Secured Creditors' Claims) and 70% to the Claimants. The sums due to the Claimants shall be applied first to payment of the PACA Creditors' claims, and then, upon payment in full of the PACA Creditors' claims, shall be applied to payment of the Secured Creditors' claims. The Trustee will turn over the sums to the Claimants pursuant to this paragraph as soon as practicable;

   d.   With respect to the Group 2 Assets, the residue of proceeds shall be split as follows:

      1.   with respect to the Intellectual Property, 25% to the Estate (as a carve-out from Secured Creditors' Claims) and 75% to Secured Creditors; and

      2.   with respect to the Group 2 Assets other than the Intellectual Property, 30% to the Estate (as a carve-out from Secured Creditors' Claims) and 70% to Secured Creditors; and

      3.   The Trustee will turn over the sums to Secured Creditors pursuant to this paragraph as soon as practicable.

   e.   With respect to the D&O Policy, Secured Creditors agree that their lien does not extend to proceeds from the D&O Policy. As to PACA Creditors, the Trustee will maintain custody of any sums recovered in a segregated account until either (1) agreement between PACA Creditors and the Trustee as to division; or (2) resolution of priority issues as determined by a court of competent jurisdiction; and

   f.   With respect to the Other Insurance Policies, the residue of proceeds shall be split 30% to the Estate (as a carve-out from PACA Creditors' and/or Secured Creditors' Claims) and 70% to the Claimants. The Trustee will maintain custody of sums due to the Claimants, in a segregated account, until either (1) agreement between Secured Creditors and PACA Creditors as to division; or (2) resolution of priority issues as determined by a court of competent jurisdiction.

With respect to the Intellectual Property, the Trustee agrees that Secured Creditors shall be entitled to set a collective and/or piecemeal reserve price which must be met prior to any Intellectual Property being sold.

The Parties further agree that the Claimants will retain the right to any deficiency claim and to share in any distribution to general unsecured creditors on account of such deficiency claim, or pursuant to any other rights which pre-exist the date of this Stipulation.

This Stipulation shall be binding upon, and inure to the benefit of, all of Debtor's produce suppliers holding PACA trust claims.

### DISCUSSION

Federal Rule of Bankruptcy Procedure 9019 provides that the Court may, upon a noticed motion by the Trustee, approve a compromise or settlement.[3] If the proposed compromise is "fair" and "equitable," it should be approved. *See Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988). In determining the fairness, reasonableness, and adequacy of a proposed settlement agreement, the Bankruptcy Court must consider: "(a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expenses, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *Kane v. Martin (In re A&C Props.)*, 784 F.2d 1377, 1381 (9th Cir. 1986).

The Court should grant deference to the Trustee's decision as long as there is a legitimate business justification. *Hill v. Burdick (In re Moorhead Corp.)*, 208 B.R. 87, 89 (B.A.P. 1st Cir. 1997). The compromise or settlement should be approved where it does not fall "below the lowest point in the zone of reasonableness." *Newman v. Stein*, 464 F.2d 689, 698 (2d Cir. 1972).

The Stipulation was intensely negotiated after extensive analysis by the Parties. The Trustee has worked diligently to maximize the value of the property of the Estate, which is especially difficult due to the perishable nature of a great deal of Estate property, the many restrictions in place due to the coronavirus pandemic, the Debtor's failure to file

---

[3]   Pursuant to Local Bankruptcy Rule 2002-2(a)(4), the Trustee may request Court approval of a compromise by Notice of Intended Action.

Signed by Judge Louise DeCarl Adler August 20, 2020

schedules along with its petition, the volume of the Debtor's creditors, rapidly increasing administrative expenses, the legal complexities of PACA, and the competing interests and positions of the Claimants.

The Claimants each assert priority position over one another.  Due to the likelihood of prolonged and costly litigation of intricate factual analyses, coupled with the circumstances necessitating immediate liquidation, the Trustee believes that the Stipulation is in the best interest of the Estate and should be approved.  The Stipulation will bring substantial monies into the Estate that would otherwise be lost and in the Trustee's business judgment should be approved.

4

# EXHIBIT "1"

# EXHIBIT "1"

Leslie T. Gladstone, Esq.  (SBN 144615)
Christin A. Batt, Esq.  (SBN 222584)
Derek A. Soinski, Esq. (SBN 293747)
FINANCIAL LAW GROUP
401 Via Del Norte
La Jolla, CA 92037
Telephone (858) 454-9887
Facsimile (858) 454-9596

Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re:

GARDEN FRESH RESTAURANTS, LLC,

        Debtor.

Case No.: 20-02477-LA7

**SECOND STIPULATION RE: CARVE-OUT FROM SECURED CREDITORS AND PACA CREDITORS CLAIMS AND ALLOCATION OF PROCEEDS WITH RESPECT TO SALE OF ASSETS**

      This second stipulation is entered into by and between Leslie T. Gladstone, chapter 7 trustee (the **"Trustee"**) one the one hand, and FreshPoint Atlanta, Inc., FreshPoint Central California, Inc., FreshPoint Central Florida, Inc., FreshPoint Denver, Inc., FreshPoint Southern California, Inc., FreshPoint South Florida, Inc., Premier Produce of South Florida, LLC, Willie Itule Produce, Inc., Victoria Pacific Trading Corp., Quality Fruit & Vegetable and any other similarly situated bonafide PACA Trust Creditors  (collectively, **"PACA Creditors"**) and Cerberus Business Finance, LLC, as collateral agent and administrative agent (the **"Agent"**) for the Lenders under, and as defined in, that certain Financing Agreement, dated as of February 1, 2017 (as amended), to which GFRC Holdings LLC, Garden Fresh Restaurants LLC and GFRC Promotions LLC are party (the Agent

FINANCIAL
LAW GROUP

179161.5

1

IN RE: GARDEN FRESH RESTAURANTS, LLC, 20-02477-LA7
SECOND STIPULATION RE: CARVE-OUT FROM SECURED CREDITOR'S CLAIM IN FAVOR OF CHAPTER 7 TRUSTEE
AND ESTATE

Signed by Judge Louise DeCarl Adler August 20, 2020

1 and the Lenders, collectively, **"Secured Creditors"**, and together with PACA Creditors,

2 collectively, the **"Claimants"**), on the other hand, who represent and stipulate as follows:

3 <center>**FACTUAL RECITALS**</center>

4     A.    On or about May 14, 2020, the Debtor filed a voluntary petition under chapter 7 of

5 the Bankruptcy Code and on May 15, 2020, the Trustee was appointed chapter 7 trustee of the

6 bankruptcy estate (the **"Estate"**).

7     B.    On or about July 7, 2020, the Court approved a Stipulation Re: Carve-Out by and

8 between the Trustee, Secured Creditors and PACA Creditors, with respect to various personal

9 property assets located at the Debtor's restaurants, distribution centers, centralized kitchens and

10 corporate office (the **"First Stipulation"**).

11     C.    The parties now desire to enter into a second stipulation for carve-out with respect to

12 other potential assets in this Estate, as follows:

13         1.  Utility and other vendor deposits, rebates, and/or refunds;

14         2.  Miscellaneous accounts receivables, including unclaimed funds (but

15            excluding any accounts receivables arising from or relating to

16            Intellectual Property, as defined below);

17         3.  Tax refunds;

18         4.  Insurance refunds;

19         5.  Litigation recoveries for Flooring dispute, the dispute with CBS,

20            and/or any other litigation pending or arising prior to the filing of the

21            bankruptcy (but excluding any recovery based on the Visa/Mastercard

22            class action); and

23         6.  Sale of assets held by third parties, including IT assets held by CBS;

24 (Collectively, the **"Group 1 Assets"**).

25     D.    In addition, Secured Creditors desire to enter into a stipulation for carve-out with

26 respect to other assets in the Estate, as follows:

27         1.  All the Intellectual Property assets of the Debtor (the **"Intellectual**

28            **Property"**), including, without limitation, as follows:

FINANCIAL
LAW GROUP

179161.5

<center>2</center>

IN RE: GARDEN FRESH RESTAURANTS, LLC, 20-02477-LA7
SECOND STIPULATION RE: CARVE-OUT FROM SECURED CREDITOR'S CLAIM IN FAVOR OF CHAPTER 7 TRUSTEE
AND ESTATE

       a.   Trademarks, trademark applications, copyrights, domain

           names, and social media accounts;

       b.   The certain Brand and Product License Agreement with Gold

           Coast Packing, Inc. and all accounts receivables and other

           proceeds arising therefrom;

       c.   Recipes, trade secrets, marketing materials, customer lists, and

           any related assets; and

       d.   Any other Intellectual Property and proceeds therefrom,

           including, for the avoidance of doubt, proceeds from any sale

           of assets in connection with the proposed joint sale between

           the Debtor, GFRC Holdings LLC and Sahara Capital Partners,

           LLC;

  2.  Tax credits; and

  3.  Any recovery based on the Visa/Mastercard class action (collectively,

      with the Intellectual Property and tax credits, the "**Group 2 Assets**").

    E.     PACA Creditors claim a lien with respect to any recoveries under the Debtor's D&O insurance policy (the "**D&O Policy**"). The Estate disputes this contention.

    F.     The parties desire to enter into a stipulation for carve-out with respect to any insurance recoveries under the Debtor's other insurance policies, including, without limitation, the Debtor's Crime Coverage Policy (but excluding any recovery under the D&O Policy) (the "**Other Insurance Policies**," and together with the Group 2 Assets, and the Group 1 Assets, collectively, the "**Assets**").

    G.     PACA Creditors assert that they supplied wholesale quantities of produce to the Debtor pre-petition and assert that they timely preserved their respective interests against the Debtor under the trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq.*, ("**PACA**") by delivering notice to the Debtor as required by 7 U.S.C. § 499e(c).

    H.     PACA Creditors assert that some or all of the Assets (other than the Intellectual Property) are subject to the PACA trust, are not part of the Debtor's Estate pursuant to Section

FINANCIAL
LAW GROUP

179161.5

3

IN RE: GARDEN FRESH RESTAURANTS, LLC, 20-02477-LA7
SECOND STIPULATION RE: CARVE-OUT FROM SECURED CREDITOR'S CLAIM IN FAVOR OF CHAPTER 7 TRUSTEE
AND ESTATE

Signed by Judge Louise DeCarl Adler August 20, 2020

541(d) of Title 11 of the United States Code (the **"Bankruptcy Code"**), and that they have a super-priority interest in such Assets and/or the proceeds from the sale of such Assets.

I. PACA Creditors do not assert an interest in the Intellectual Property.

J. PACA Creditors assert that additional produce suppliers holding valid PACA trust claims may exist, but that no additional PACA Claimants have yet filed claims in the case.

K. Secured Creditors have asserted a security interest in all of the Debtor's property, including all of the Assets and the Intellectual Property (but not including any recovery under the D&O Policy), pursuant to security interests which they assert were properly perfected.

L. PACA Creditors assert that they hold certain priority positions over other creditors pursuant to PACA and that the PACA trust encompasses all or a portion of the Assets (other than the Intellectual Property).

M. In order to allow the Trustee to perform her duties during the coronavirus pandemic, and to maximize the value of the Assets for the benefit of the Claimants, the Estate, and all of the Debtor's creditors, the Trustee and the Claimants have agreed that the Trustee may proceed to market and sell the Assets subject to Court approval, on the following terms.

## STIPULATION

WHEREFORE, the Trustee and the Claimants (each a **"Party"** and collectively, the **"Parties"**) hereby stipulate as follows:

1. The Recitals contained in Paragraphs A through M above are true and correct and are incorporated herein by reference as though set forth in full.

2. The Parties agree that the Claimants will accept payment on their claims based upon a calculation of proceeds realized by liquidation of the Assets as follows:

 a. The Trustee will first pay all costs of sale of the Assets, including auctioneer fees and expenses, any administrative utility expenses the Estate actually incurs which are asserted as an offset to utility refunds and which remain unpaid from the First Stipulation, the Trustee's (and/or GFRC Holdings Trustee's) commission earned on the Assets, attorneys' fees or other professional fees the Estate incurs in administrating, analyzing, collecting or selling the Assets, including contingency

FINANCIAL
LAW GROUP

179161.5
4
IN RE: GARDEN FRESH RESTAURANTS, LLC, 20-02477-LA7
SECOND STIPULATION RE: CARVE-OUT FROM SECURED CREDITOR'S CLAIM IN FAVOR OF CHAPTER 7 TRUSTEE
AND ESTATE

Signed by Judge Louise DeCarl Adler August 20, 2020

and/or hourly rate counsel, any applicable sales tax that needs to be paid by the Estate in connection with the sale of the Assets, and/or any allowed tax liens that have attached to the Assets, or any of them and which are found to be senior to PACA Creditors and/or Secured Creditors;

b.   Payment of the expenses referenced in 2(a) above shall be made from the collective funds received from sale of the Assets, regardless of whether the particular asset to which the expense applies is actually sold and whether or not the funds received for the particular asset are sufficient to cover the expense, except that (i) any contingency fee or lien claim shall only be made from the particular asset to which it pertains;

c.   The residue of proceeds derived from the liquidation of the Group 1 Assets will be split 30% to the Estate (as a carve-out from the PACA Creditors' and/or Secured Creditors' Claims) and 70% to the Claimants.  The sums due to the Claimants shall be applied first to payment of the PACA Creditors' claims, and then, upon payment in full of the PACA Creditors' claims, shall be applied to payment of the Secured Creditors' claims.  The Trustee will turn over the sums to the Claimants pursuant to this paragraph as soon as practicable.

d.   With respect to the Group 2 Assets, the residue of proceeds shall be split as follows:

   i.   with respect to the Intellectual Property, 25% to the Estate (as a carve-out from Secured Creditors' Claims) and 75% to Secured Creditors; and

   ii.   with respect to the Group 2 Assets other than the Intellectual Property, 30% to the Estate (as a carve-out from Secured Creditors' Claims) and 70% to Secured Creditors.

   iii.   The Trustee will turn over the sums to Secured Creditors pursuant to this paragraph as soon as practicable.

e.   With respect to the D&O Policy, Secured Creditors agree that their lien does not extend to proceeds from the D&O Policy.  As to PACA Creditors, the Trustee will maintain custody of any sums recovered in a segregated account until either (1)

FINANCIAL
LAW GROUP

179161.5

5

IN RE: GARDEN FRESH RESTAURANTS, LLC, 20-02477-LA7
SECOND STIPULATION RE: CARVE-OUT FROM SECURED CREDITOR'S CLAIM IN FAVOR OF CHAPTER 7 TRUSTEE
AND ESTATE

Signed by Judge Louise DeCarl Adler August 20, 2020

1       agreement between PACA Creditors and the Trustee as to division; or (2) resolution

2       of priority issues as determined by a court of competent jurisdiction.

3         f.    With respect to the Other Insurance Policies, the residue of proceeds shall be split

4       30% to the Estate (as a carve-out from PACA Creditors' and/or Secured Creditors'

5       Claims) and 70% to the Claimants. The Trustee will maintain custody of sums due

6       to the Claimants, in a segregated account, until either (1) agreement between

7       Secured Creditors and PACA Creditors as to division; or (2) resolution of priority

8       issues as determined by a court of competent jurisdiction.

9     3.    With respect to the Intellectual Property, the Trustee agrees that Secured Creditors

10 shall be entitled to set a collective and/or piecemeal reserve price which must be met prior to any

11 Intellectual Property being sold.

12     4.    The Parties further agree that the Claimants will retain the right to any deficiency

13 claim and to share in any distribution to general unsecured creditors on account of such deficiency

14 claim, or pursuant to any other rights which pre-exist the date of this Stipulation. The Parties

15 reserve all rights with respect to such claims and except as expressly set forth herein, nothing in this

16 Stipulation shall be construed to prime, subordinate, diminish or impair the rights of the Agent,

17 Secured Creditors or valid PACA trust beneficiaries.

18     5.    The Trustee shall file a Notice of Intended Action to obtain Court approval of this

19 Stipulation as a condition precedent for the benefit of all Parties hereto, and the rights and

20 obligations of the Parties hereunder are contingent upon the entry of a final Court order approving

21 this stipulation in this bankruptcy case.

22     6.    This Stipulation shall be binding upon, and inure to the benefit of, all of Debtors'

23 produce suppliers holding PACA trust claims.

24     7.    Each Party acknowledges that it has read this Stipulation; that it fully understands its

25 rights, privileges, and duties under this Stipulation; and that it enters into this Stipulation freely and

26 voluntarily. Each Party further acknowledges that it has had the opportunity to consult with an

27 attorney of its choice to explain the terms of this Stipulation and the consequences of signing it.

28

FINANCIAL
LAW GROUP

179161.5

6

IN RE: GARDEN FRESH RESTAURANTS, LLC, 20-02477-LA7
SECOND STIPULATION RE: CARVE-OUT FROM SECURED CREDITOR'S CLAIM IN FAVOR OF CHAPTER 7 TRUSTEE
AND ESTATE

Signed by Judge Louise DeCarl Adler August 20, 2020

1    8.    Each Party hereto represents and warrants to the other that it has the power, authority

2    and ability to carry out the obligations assumed and promised hereunder.

3    9.    Except as provided for herein, each Party hereto is to bear its respective attorneys'

4    fees and costs, except that if an action is brought to enforce the terms of this Stipulation, or for a

5    declaration of rights or obligations, the successful party shall be entitled to recover reasonable

6    attorneys' fees.

7    10.    This Stipulation shall be governed by, and construed and enforced in accordance

8    with, the laws of the State of California.

9    11.    This Stipulation may be executed in any number of counterparts, each of which so

10    executed shall be deemed to be an original and such counterparts shall together constitute one and

11    the same agreement. Counterparts may be delivered via facsimile, electronic mail (including pdf),

12    or other transmission method and any counterpart so delivered shall be deemed to have been duly

13    and validly delivered and be valid and effective for all purposes.

14    IN WITNESS WHEREOF, the Parties hereto have executed this Stipulation on the day and

15    year indicated below.

16    Dated: July 21, 2020

17    _____
      Leslie T. Gladstone, Trustee

18

19    McCARRON & DIESS

20

21    Dated: _____ July 20 , 2020

22    Gregory Brown, Esq.,
      Attorneys for

23    FreshPoint Atlanta, Inc.,
      FreshPoint Central California, Inc.,

24    FreshPoint Central Florida, Inc.,
      FreshPoint Denver, Inc.,

25    FreshPoint Southern California, Inc.,
      FreshPoint South Florida, Inc.,

26    Premier Produce of South Florida, LLC, and
      Willie Itule Produce, Inc.

27

28

FINANCIAL
LAW GROUP

179161.5

7

IN RE: GARDEN FRESH RESTAURANTS, LLC, 20-02477-LA7
SECOND STIPULATION RE: CARVE-OUT FROM SECURED CREDITOR'S CLAIM IN FAVOR OF CHAPTER 7 TRUSTEE
AND ESTATE

1    Dated: 7-20, 2020

2

3

4

5

6

7    Dated: _____, 2020

8

9

10

11

12

13

14

15    Dated: _____, 2020

16

17

18

19

20

21

22

23

24

25

26

27

28

RYNN & JANOWSKY, LLP

Bart M. Botta, Esq.
Attorneys for Victoria Pacific Trading
Company

MOUNCE, GREEN, MYERS, SAFI,
PAXSON & GALATZAN, P.C.

Clyde A. Pine, Esq.,
Attorneys for Quality Fruit & Vegetable

Cerberus Business Finance, LLC, as collateral
agent and administrative agent for the Secured
Creditors

Joseph Naccarato
Chief Operating Officer and Chief Credit
Officer

FINANCIAL
LAW GROUP

179161.5

8

IN RE: GARDEN FRESH RESTAURANTS, LLC, 20-02477-LA7
SECOND STIPULATION RE: CARVE-OUT FROM SECURED CREDITOR'S CLAIM IN FAVOR OF CHAPTER 7 TRUSTEE
AND ESTATE

1    Dated: _____, 2020                RYNN & JANOWSKY, LLP

2

3                                          _____
                                           Bart M. Botta, Esq.
4                                          Attorneys for Victoria Pacific Trading
                                           Company
5

6
                                           MOUNCE, GREEN, MYERS, SAFI,
7    Dated: July 20, 2020                  PAXSON & GALATZAN, P.C.

8

9                                          _____
                                           Clyde A. Pine, Esq.,
10                                         Attorneys for Quality Fruit & Vegetable

11

12                                         Cerberus Business Finance, LLC, as collateral
                                           agent and administrative agent for the Secured
13                                         Creditors

14

15   Dated: _____, 2020

16                                         _____
                                           Joseph Naccarato
17                                         Chief Operating Officer and Chief Credit
                                           Officer

18

19

20

21

22

23

24

25

26

27

28

FINANCIAL
LAW GROUP

179161.5
                                           8
SECOND STIPULATION RE: CARVE-OUT FROM SECURED CREDITOR'S CLAIM IN FAVOR OF CHAPTER 7 TRUSTEE
                                           AND ESTATE

IN RE: GARDEN FRESH RESTAURANTS, LLC, 20-02477-LA7

1    Dated: _____, 2020                    RYNN & JANOWSKY, LLP

2

3                                              _____
                                               Bart M. Botta, Esq.
4                                              Attorneys for Victoria Pacific Trading
                                               Company
5

6

7    Dated: _____, 2020                    MOUNCE, GREEN, MYERS, SAFI,
                                               PAXSON & GALATZAN, P.C.
8

9                                              _____
                                               Clyde A. Pine, Esq.,
10                                             Attorneys for Quality Fruit & Vegetable

11

12                                             Cerberus Business Finance, LLC, as collateral
                                               agent and administrative agent for the Secured
13                                             Creditors

14

15   Dated: _____, 2020                    _____
                                               Joseph Naccarato
16                                             Chief Operating Officer and Chief Credit
                                                  Officer
17

18

19

20

21

22

23

24

25

26

27

28

FINANCIAL
LAW GROUP
         179161.5
                              8
         SECOND STIPULATION RE: CARVE-OUT FROM SECURED CREDITOR'S CLAIM IN FAVOR OF CHAPTER 7 TRUSTEE
                                                                    AND ESTATE

Signed by Judge Louise DeCarl Adler August 20, 2020