CSD 2062 [12/1/2021]
Court Telephone: (619) 557-5620
www.casb.uscourts.gov

Leslie T. Gladstone, Esq.  (SBN 144615)
Christin A. Batt, Esq.  (SBN 222584)
Derek A. Soinski, Esq.  (SBN 293747)
FINANCIAL LAW GROUP
5656 La Jolla Blvd., La Jolla, CA 92037
Telephone:  (858) 454-9887; Facsimile:  (858) 454-9596
Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

### UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In re

GARDEN FRESH RESTAURANTS, LLC,

BANKRUPTCY NO.  20-02477-LA7

Debtor(s).

### TRUSTEE'S NOTICE OF INTENDED ACTION AND OPPORTUNITY FOR HEARING

**TO THE DEBTOR, ALL CREDITORS AND OTHER PARTIES IN INTEREST:**

**You are hereby notified** that the undersigned Trustee proposes to:

☐ Compromise or settle the following controversy [description of controversy to be settled and financial impact on estate as required by Local Bankruptcy Rule 9019]; or

☐ Allowance of compensation or reimbursement of expenses by trustee in the amounts indicated below [information required by Federal Rule of Bankruptcy Procedure 2002(c)(2)]; or

☒ **Other:  The Trustee seeks approval of Settlement Agreements with FloorMax Direct, LLC, SARS Floors, LLC, Majestic Floors, Inc., JC Flooring and Preferred Global, Inc. (the "Settlements").  See <u>Exhibit A</u> attached hereto and herein incorporated by reference for terms of the Settlements.**

**The Trustee has evaluated the following factors and determined, in her business judgment, that these compromises are fair, reasonable, and adequate; (a) the probability of success in litigation of this matter; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. The settlements are in the best interest of the estate as they will provide funds to the estate without further need to go through the time and expense of further litigation.**

**Wherefore, the Trustee requests that this Court approve the Settlements with FloorMax Direct, LLC, SARS Floors, LLC, Majestic Floors, Inc., JC Flooring and Preferred Global, Inc.**

IF YOU OBJECT TO THE PROPOSED ACTION:

1.  **YOU ARE REQUIRED** to obtain a hearing date and time from the appropriate Courtroom Deputy for the judge assigned to this bankruptcy case.  Determine which deputy to call by looking at the Bankruptcy Case No. in the caption on Page 1 of this notice.  If the case number is followed by the letter:

-   MM - call (619) 557-7407 - DEPARTMENT ONE (Room 218)
-   LA - call (619) 557-6594 - DEPARTMENT TWO (Room 118)
-   LT - call (619) 557-6018 - DEPARTMENT THREE (Room 129)
-   CL - call (619) 557-6019 - DEPARTMENT FIVE (Room 318)

CSD 2062 (Page 2) [12/01/2021]

2.    **Within fourteen (14)[1] days from the date of this notice**, you are further required to serve a copy of your **Declaration in Opposition** and separate Request and **Notice of Hearing** [Local Form CSD 1184[2]] upon the undersigned Trustee, together with any opposing papers.  A copy of these documents must also be served upon the United States Trustee at 880 Front Street, Ste. 3230, San Diego, CA 92101.  The opposing declaration must be signed and verified in the manner prescribed by FRBP 9011, and the declaration must:

      a.    identify the interest of the opposing party; and

      b.    state, with particularity, the factual and legal grounds for the opposition.

3.    **You must** file the original and one copy of the Declaration and Request and Notice of Hearing with proof of service with the Clerk of the U.S. Bankruptcy Court at 325 West "F" Street, San Diego, California 92101-6991, no later than the next business day following the date of service.

      **If you fail to serve your "Declaration in Opposition to Intended Action" and "Request and Notice of Hearing"** within the 14-day[1] period provided by this notice, **no hearing will take place**, you will lose your opportunity for hearing, and the Trustee may proceed to take the intended action.

Dated: March 4, 2022

      /s/  Leslie T. Gladstone
      Leslie T. Gladstone, Chapter 7 Trustee
      Address: 5656 La Jolla Blvd.,
      La Jolla, CA 92037
      Phone No. (858) 454-9887

---

[1] Depending on how you were served, you may have additional time for response.  See FRBP 9006.

[2] You may obtain Local Form CSD 1184 from the office of the Clerk of the U.S. Bankruptcy Court.

CSD 2062

EXHIBIT "A"

EXHIBIT "A"

In re GARDEN FRESH RESTAURANTS LLC
Case No. 20-02477-LA7

## EXHIBIT A
## NOTICE OF INTENDED ACTION

Leslie T. Gladstone, the chapter 7 trustee (the "**Trustee**") of the Estate (the "**Estate**") for the case of Garden Fresh Restaurants, LLC (the "**Debtor**"), seeks an order approving settlement agreements with FloorMax Direct, LLC and SAR Floors, LLC (collectively, "**Floormax**"), Majestic Floors, Inc. ("**Majestic**"), JC Flooring, and Preferred Global, Inc. ("**Preferred**" and together with FloorMax, JC Flooring and Preferred, the "**Defendants**"). The Trustee also requests confirmation of the contingency fee compensation for attorney's fees to Annen Law Group ("**ALG**") in the total amount of $87,168.12 pursuant to the Court-approved Engagement Agreement.[1]

### BACKGROUND

The Debtor filed this chapter 7 case on May 14, 2020 (the "**Petition Date**"). The Trustee was appointed chapter 7 trustee of the Debtor's bankruptcy estate on or about the same date.

Prior to the Petition Date, the Debtor experienced many issues related to allegedly defective flooring installed at various restaurant establishments operated by the Debtor. Unable to informally resolve the dispute, on or about July 22, 2021, ALG filed on behalf of the Trustee a First Amended Complaint against the Defendants, along with Elnakib Marzouk, dba Alnakib Marzouk ("**Marzouk**") and Tomas Cabrea, dba Superior Carpet Installation ("**Superior**") in the Superior Court of California, County of San Diego, Case Number 37-2020-00030568-CU-FR-CTL asserting claims for fraud and deceit, negligent misrepresentation, breach of contract, breach of covenant of good faith and fair dealing, negligence, and breach of contract – third party beneficiary (collectively, the "**Subject Claims**"). The Defendants dispute the Subject Claims.

On or about July 22, 2021, FloorMax filed a cross-complaint asserting claims against Marzouk, Superior, JC Flooring, Majestic and Preferred (the "**Cross-Complaint**" and together with the Subject Claims, the "**State Court Litigation**"). The Trustee vigorously litigated the Subject Claims and through extensive negotiation reached a global compromise with the Defendants to completely resolve the State Court Litigation.

### SUMMARY OF MATERIAL TERMS OF SETTLEMENTS

The Trustee entered into settlement agreements with each of the Defendants, subject to Court approval, which together result in the Defendants paying the Estate a total of $260,440.00 (the "**Global Settlement Amount**"). From the Global Settlement Amount, ALG's fees and costs of $87,168.12 are to be deducted, leaving a balance of **$173,271.88** for the benefit of the Estate.

---

[1]   The comments set forth in this Notice are for purposes of explaining the benefits of the proposed compromises. They do not constitute admissions by the Trustee in this or any other litigation, and the Trustee reserves all rights available to the estate if the compromises are not approved.

### A.    The FloorMax Settlement

A copy of the Settlement Agreement and Mutual Release executed by and between the Trustee and FloorMax (the "**Floormax Agreement**") is attached hereto as <u>Exhibit 1</u>.  Under the terms of the FloorMax Agreement, FloorMax agreed to pay the Estate $225,000.00 (the "**FloorMax Payment**").  The Trustee has received the FloorMax Payment.

In the State Court Litigation, the Trustee procured default against Marzouk and Superior for their failure to respond to the First Amended Complaint.  However, FloorMax had an interest in reaching global resolution of the State Court Litigation, which included the potentially ongoing litigation of the Cross-Complaint against Marzouk and Superior.  Accordingly, as additional consideration and in exchange for the FloorMax Payment, the FloorMax Agreement contains a release by the Trustee against Marzouk and Superior, as well as against Floormax.

### B.    The JC Flooring Settlement

A copy of the Settlement Agreement and Mutual Release executed by and between the Trustee and JC Flooring (the "**JC Flooring Agreement**") is attached hereto as <u>Exhibit 2</u>.  Under the terms of the JC Flooring Agreement, JC Flooring agreed to pay the Estate $17,940.00 (the "**JC Flooring Payment**").  The Trustee has received the JC Flooring Payment.

### C.    The Majestic Settlement

A copy of the Settlement Agreement and Mutual Release executed by and between the Trustee and Majestic (the "**Majestic Agreement**") is attached hereto as <u>Exhibit 3</u>.  Under the terms of the Majestic Agreement, Majestic agreed to pay the Estate $15,000.00 (the "**Majestic Payment**").  The Trustee has received the Majestic Payment.

### D.    The Preferred Settlement

A copy of the Settlement Agreement and Mutual Release executed by and between the Trustee and Preferred (the "**Preferred Agreement**") is attached hereto as <u>Exhibit 4</u>.  Under the terms of the Preferred Agreement, Preferred agreed to pay the Estate $2,500.00 (the "**Preferred Payment**").  The Trustee has received the Preferred Payment.

<u>**DISCUSSION**</u>

Federal Rules of Bankruptcy Procedure 9019 provides that the Court may, upon a noticed motion by the Trustee, approve a compromise or settlement.[2]  If the proposed compromise is "fair" and "equitable," it should be approved.  *See Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988).  In determining the fairness, reasonableness, and adequacy of a proposed settlement agreement, the Bankruptcy Court must consider:  "(a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expenses, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their

---

[2]    Pursuant to Local Bankruptcy Rule 2002-2(a)(4), the Trustee may request Court approval of a compromise or settlement of controversy by Notice of Intended Action.

reasonable views in the premises." *Kane v. Martin (In re A&C Props.)*, 784 F.2d 1377, 1381 (9th Cir. 1986).

The Court should grant deference to the Trustee's decision as long as there is a legitimate business justification. *Hill v. Burdick (In re Moorhead Corp.)*, 208 B.R. 87, 89 (B.A.P. 1st Cir. 1997). The compromise or settlement should be approved where it does not fall "below the lowest point in the zone of reasonableness." *Newman v. Stein*, 464 F.2d 689, 698 (2d Cir. 1972).

Here, the Trustee and her counsel analyzed the legal issues regarding the allegedly defective flooring installed at the Debtor's various restaurants, including the Defendant's respective liability and corresponding damages. The Trustee ultimately concluded that initiating the State Court Litigation was necessary; and, it has been pending for over one and a half years, during which time the issues have been highly contested. The Trustee is informed that her probability of success in the State Court Litigation is high, but this factor is significantly offset by the ongoing expense, inconvenience, and delay in continuing the litigation for perhaps years. In addition, collecting on a judgment against the various smaller entities involved, such as Marzouk and Superior is a significant risk due to these parties' default and failure to respond to the Trustee and her counsel.

This is a highly complex bankruptcy case and the Trustee has further issues to resolve and potential assets to liquidate. At this point in time, therefore, it is too soon for the Trustee to determine with any accuracy whether or how much a dividend will be available to pay general unsecured claims. This settlement is subject to the carve out agreement with the lender and PACA Claimants, whereby 30% of the net proceeds after payment of expenses is retained by the Estate. The Trustee is in the process of calculating the net proceeds for this and other monetary recoveries and expects to have a proposed second interim distribution filed with the Court shortly.

In the Trustee's business judgment, the global resolution of the State Court Litigation for $260,440.00 is in the best interest of the Estate and should be approved. The Trustee believes that continuing the litigation—given Defendants' asserted defenses, the ultimate costs of litigating the claims to judgment, and the difficulties in collecting a judgment—would not result in an outcome for the Estate better than the proposed compromises.

### ATTORNEY'S FEES AWARD TO ANNEN LAW GROUP

The Trustee also requests confirmation of the award of compensation of contingency attorney's fees to ALG in the total amount of $87,168.12 pursuant to the Court-approved Engagement Agreement. On or about August 7, 2020, the Bankruptcy Court entered an Order authorizing the Trustee's retention of ALG as special contingency counsel to represent the Trustee in the State Court Litigation. (ECF No. 485). As set forth in the Trustee's Amended Ex Parte Application to Employ ALG, ALG previously represented the Debtor as outside counsel and in similar disputes related to allegedly defective flooring installed in the Debtor's restaurants. (ECF No. 481). ALG was scheduled as a creditor in the Debtor's bankruptcy petition in the amount of $13,397.50 and ALG agreed to waive this claim in connection with being retained as special counsel by the Trustee.

The Engagement Agreement, approved by the Bankruptcy Court, requires payment to ALG of 33.3% (the "**Contingency Fee**") on any recoveries received in the State Court Litigation, plus costs. A copy of ALG's Final Fee and Costs Invoice is attached hereto as <u>Exhibit 5</u>. In addition to the $86,813.33 which represents the one-third Contingency Fee, ALG incurred costs, including court filing fees of $354.79. The resulting fee owed to ALG is **<u>$87,168.12</u>**, the amount requested as final compensation of attorney's fees to Annen Law Group.

# Exhibit 1

# Exhibit 1

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement ("**Agreement**") is entered into as of the last dated signature hereto, by and between Leslie T. Gladstone ("**Trustee**"), as chapter 7 trustee of the bankruptcy estate of Garden Fresh Restaurants, LLC, on one hand, and FloorMax Direct, LLC and SAR Floors LLC (collectively, "**FloorMax**"), on the other hand. Trustee and FloorMax are referred to collectively as the "**Parties**" and individually as a "**Party**." This Agreement is executed in connection with the following recitation of facts:

### RECITALS

A.     On May 14, 2020 (the "**Petition Date**"), Garden Fresh Restaurants, LLC (the "**Debtor**") commenced a case under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §101 et seq. ("**Bankruptcy Code**") in the Bankruptcy Court for the Southern District of California ("**Bankruptcy Court**").

B.     The Trustee was appointed on or about the Petition Date, and is the duly authorized representative of the bankruptcy estate pursuant to section 704 of the Bankruptcy Code.

C.     On or about July 22, 2021, Trustee filed a First Amended Complaint against FloorMax, et al., in the Superior Court of California, County of San Diego, Case Number 37-2020-00030568-CU-FR-CTL (the "Complaint") asserting claims of the Debtor against FloorMax, Tomas Cabrea dba Superior Carpet Installation, JC Flooring, Majestic Floors Inc., SV Flooring LLC, Elnakib Marzouk dba Alnakib Marzouk and Preferred Global for fraud and deceit, negligent misrepresentation, breach of contract, breach of covenant of good faith and fair dealing, negligence, and breach of contract – third party beneficiary (collectively, the "**Subject Claims**"). FloorMax disputes the Subject Claims. On or about July 22, 2021, FloorMax filed a Cross-Complaint in Case Number 37-2020-00030568-CU-FR-CTL (the "Cross-Complaint") asserting claims against Tomas Cabrea dba Superior Carpet Installation, JC Flooring, Majestic Floors Inc., SV Flooring LLC, Elnakib Marzouk dba Alnakib Marzouk and Preferred Global (the "Cross-Complaint", and collectively with the Complaint, the "Subject Litigation").

D.     Trustee has reached settlements with JC Flooring, Majestic Floors Inc., and Preferred Global which are subject to separate settlement agreements.

E.     By and through this Agreement, the Parties wish to fully and finally resolve the disputes between them with respect to the Subject Claims.

### AGREEMENT

1.     SETTLEMENT.   The Parties acknowledge that this Agreement is a good faith settlement of disputed claims.

2.     BANKRUPTCY COURT APPROVAL AND ENFORCEMENT. This Agreement shall be subject to Bankruptcy Court approval and incorporated into an order of the Bankruptcy Court approving this Agreement. The Trustee shall file a Notice of Intended Action to obtain

Bankruptcy Court approval of this Agreement as a condition precedent for the benefit of all Parties hereto, and the rights and obligations of the Parties hereunder are contingent upon the entry of a final Bankruptcy Court order in this bankruptcy case. All Parties shall submit to the jurisdiction of the Bankruptcy Court to enforce the continuing obligations under this Agreement and to resolve any dispute that may arise under this Agreement.

3.    SETTLEMENT PAYMENT.  On or before February 21, 2022, FloorMax and/or its insurer(s) shall deliver to Trustee a total of Two Hundred Twenty Five Thousand Dollars and Zero Cents ($225,000.00), in good and available funds, payable to "Estate of Garden Fresh Restaurants, LLC, Leslie T. Gladstone, Trustee" (the **"Settlement Payment"**) as settlement of the Subject Claims and Subject Litigation against FloorMax, Tomas Cabrea dba Superior Carpet Installation, SV Flooring LLC, and Elnakib Marzouk dba Alnakib Marzouk. In the event that the Bankruptcy Court does not approve this Agreement, all funds received by Trustee in accordance with this Agreement will be promptly returned to FloorMax.

4.    TRUSTEE'S RIGHT TO TERMINATE AGREEMENT.  In the event that any opposition to the Trustee's Notice of Intended Action is filed, Trustee may, in her sole discretion, elect to terminate this Agreement.

5.    DISMISSAL OF CLAIMS.  Upon Bankruptcy Court approval, the Parties shall file a dismissal with prejudice of the Subject Litigation as to all parties named in the Complaint and as to JC Flooring and Majestic Floors Inc. named in the Cross-Complaint. FloorMax's claims against Tomas Cabrea dba Superior Carpet Installation, SV Flooring LLC, and Elnakib Marzouk dba Alnakib Marzouk in the Cross-Complaint shall not be dismissed until a later date. .

6.    RELEASE.  Except as specifically set forth in this Agreement, upon the effectiveness of this Agreement, the Parties hereby fully, absolutely and forever release and discharge each other from and any and all manner of claims, whether now known or unknown and whether suspected or unsuspected, anticipated and unanticipated, and whether or not concealed or hidden, which now exist or heretofore have existed between the Parties. Trustee also hereby fully, absolutely and forever releases and discharges Tomas Cabrea dba Superior Carpet Installation, SV Flooring LLC, JC Flooring, Majestic Floors Inc., Preferred Global and Elnakib Marzouk dba Alnakib Marzouk from and any and all manner of claims, whether now known or unknown and whether suspected or unsuspected, anticipated and unanticipated, and whether or not concealed or hidden, which now exist or heretofore have existed between Trustee and Tomas Cabrea dba Superior Carpet Installation, SV Flooring LLC, Elnakib Marzouk dba Alnakib Marzouk, JC Flooring, Majestic Floors Inc., and Preferred Global. The Parties hereby expressly waive any and all rights and benefits conferred upon them by the provisions of Section 1542 of the California Civil Code that provides as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

2

The Parties have read the foregoing release and recognize and understand that the same applies to and covers all claims heretofore and hereinafter arising, whether or not known or suspected to exist at the present time. Expressly reserved from this release are any claims FloorMax may have as against Tomas Cabrea dba Superior Carpet Installation, SV Flooring LLC, and Elnakib Marzouk dba Alnakib Marzouk which will be subject to separate agreement(s).

7.      REPRESENTATIONS AND WARRANTIES. Each Party represents and warrants to the other Party that it has the full power and authority to execute, deliver, and perform under this Agreement, and that any needed consent or approval from any other person has been obtained including but not limited to, approval of the board of directors for any corporate party, and including the absence of any duty or obligation that would prevent, or be put in breach or default by, such execution, delivery or performance. Each Party shall indemnify and hold the other Party harmless with respect to any and all liability, cost, expense (including reasonable attorneys' fees), or claim with respect to, pertaining to, or arising from any assertion of any such obligation or lack of such power or authority.

8.      ENFORCEMENT. This Agreement may be enforced by motion in the Bankruptcy Court after approval by the Bankruptcy Court and after notice under Bankruptcy Rule 9019(a). The settlement set forth herein shall be effective if, and only if, it is approved by the Bankruptcy Court by a final order.

9.      ADDITIONAL REPRESENTATIONS AND WARRANTIES.   Each Party represents and warrants to the other Party that:

(a)      Final Integrated Agreement. This Agreement and all other agreements executed herewith constitute the entire, final, and binding understanding between the Parties hereto; no other statement or representation, written or oral, express or implied, has been received or relied upon in entering into the settlement; and all prior discussions, statements, and negotiations made or which have occurred prior to the dates on which this Agreement is executed shall be deemed merged into this Agreement. Each of the recitals in this Agreement shall be interpreted and construed as part of this Agreement and not as a mere recital.

(b)      Understanding of Settlement Agreement. Each Party understands and agrees to this Agreement and the terms and conditions contained herein and has relied upon its own judgment, belief, knowledge, understanding and expertise after careful consultation with its own legal counsel concerning the legal effect of the settlement and all of the terms of this Agreement.

(c)      Voluntary Settlement. Each Party enters into the Agreement knowingly and voluntarily.

(d)      Investigation of Facts. Each Party has investigated the facts pertaining to this Agreement and all matters pertaining thereto as deemed necessary by such Party.

(e)      Assignment/Transfer. Each Party has not heretofore assigned, transferred or granted, or purported to assign, transfer or grant, any of the claims, demands and claims for relief disposed of by this Agreement.

3

10.    <u>AMBIGUITIES OR UNCERTAINTIES</u>. This Agreement, and any ambiguities or uncertainties herein, shall be equally and fairly interpreted and construed without reference to the identity of the Party or Parties preparing this Agreement, on the express understanding and agreement that the Parties participated equally in the negotiation and preparation of the Agreement or have had equal opportunity to do so. Accordingly, the Parties hereby waive the benefit of Section 1654 of the California Civil Code and any successor or amended statute, providing that in cases of uncertainty, language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist.

11.    <u>ATTORNEYS' FEES/PREVAILING PARTY</u>.    In any action or proceeding between or among the Parties hereto at law or in equity with respect to, pertaining to, or arising from the Agreement, whether for enforcement, or for damages by reason of any alleged breach, or for a declaration of rights or obligations, or otherwise, and including any appeal, contempt proceeding, bankruptcy proceeding, and any action or proceeding to enforce and/or collect any judgment or other relief granted, whether or not such action or proceeding is compromised or is prosecuted to final judicial determination (collectively "**litigation**"), the unsuccessful party to the litigation shall pay to the prevailing party, in addition to any other relief that may be granted, all costs and expenses of the litigation, including without limitation, the prevailing party's actual attorneys' fees and expenses. "Attorneys' fees and expenses" includes, without limitation, paralegals' fees and expenses, attorneys' consultants' fees and expenses, expert witness' fees and expenses, and all other expenses incurred by the prevailing party's attorneys in the course of their representation of the prevailing party in anticipation of and/or during the course of the litigation, whether or not otherwise recoverable as "attorneys' fees" or as "costs" under California law; and the same may be sought and awarded in accordance with California procedure as pertaining to an award of contractual attorneys' fees.

12.    <u>CALIFORNIA LAW</u>. The settlement, this Agreement, and the documents referred to herein, shall be governed by and construed and interpreted in accordance with the United States Bankruptcy Code and the laws of the State of California. In the language of this document and the documents referred to herein, the singular and plural numbers, and the masculine, feminine and neuter genders, shall each be deemed to include all others, and the word "person" shall be deemed to include corporations and every other entity, as the context may require.

13.    <u>SEVERABILITY</u>. In the event that any provision of this Agreement should be held to be void, voidable, or unenforceable, the remaining portions hereof shall remain in full force and effect unless the unenforceability of that provision is material to the intent of the Parties in entering into this Agreement.

14.    <u>MULTIPLE COUNTERPARTS</u>. This Agreement may be executed in any number of counterparts, each of which may be deemed an original and all of which together shall constitute a single instrument.

15.    <u>WAIVER, MODIFICATION AND AMENDMENT</u>. No breach of this Agreement or of any provision herein can be waived except by an express written waiver executed by the party waiving such breach. Waiver of any one breach shall not be deemed a waiver of any other breach of the same or other provisions of this Agreement. This Agreement may be amended, altered,

4

modified, or otherwise changed in any respect or particular only by a writing duly executed by the Parties hereto or their authorized representatives which is then approved by the Court.

16.     ADDITIONAL DOCUMENTS.     The Parties shall execute any additional documents reasonably necessary to effectuate the intent and purposes of this Agreement.

17.     NOTICES.  All notices under this Agreement shall be in writing and shall be deemed effective on the date of delivery if delivered personally (and a receipt obtained therefor), or on the third calendar day after mailing if mailed by first class mail, registered or certified, postage prepaid, and shall be addressed as follows or as may be amended by a written communication delivered pursuant to this section:

|  |  |
|---|---|
| To Trustee: | Leslie T. Gladstone, Trustee<br>5656 La Jolla Blvd.<br>La Jolla, CA 92037 |
| with copy to: | Richard J. Annen<br>Annen Law Group<br>926 Tingley Lane<br>San Diego, CA 92106 |
| To FloorMax: | Brian Walker<br>FLOORMAX DIRECT LLC<br>SAR FLOORS LLC<br>7701 Derry Street<br>Harrisburg, PA 17111 |
| with a copy to: | Michael R. Gibson<br>Higgs Fletcher & Mack, LLP<br>401 W. A Street, Suite 2600<br>San Diego, CA 92101 |

18.     ELECTRONIC TRANSMISSION.  The Parties hereto agree that in the event that this Agreement is executed electronically, that the electronic copy shall have the same validity as an original copy for all purposes including but not limited to utilization of the procedures for settling a dispute.  The electronic copy shall be used in place and stead of the original until such time that an original is received by the party receiving an executed copy hereof electronically.

19.     BINDING SETTLEMENT AGREEMENT.  This Agreement shall be binding on and inure to the benefit of the heirs, descendants, legatees, devisees, executors, administrators, legal representatives, successors, successors-in-interest, assigns, assignors, insurers, attorneys, owners, guarantors, sureties, partners, members, servants, employees, employers, agents, officers, directors, shareholders, beneficiaries, predecessors, affiliates, subsidiaries, related or associated entities or individuals, and any other person or entity claiming under or through the Parties.

5

20.    <u>EFFECTIVE DATE</u>.  The effective date of this Agreement shall be the date of entry of the Bankruptcy Court order approving this Agreement.

Dated: _____, 2022

_____
Leslie T. Gladstone, Trustee


Dated: _____, 2022

_____
FloorMax Direct, LLC

By:_____

Name: _____

Title: _____


Dated: _____, 2022

_____
SAR Floors LLC

By:_____

Name: _____

Title: _____

6

20.    <u>EFFECTIVE DATE</u>.  The effective date of this Agreement shall be the date of entry of the Bankruptcy Court order approving this Agreement.


Dated: _____, 2022        _____
                                  Leslie T. Gladstone, Trustee


Dated: _2/8_____, 2022            _____
                                  FloorMax Direct, LLC

                                  By: _Shukri Rahman_____

                                  Name: _Shukri Rahman_____

                                  Title: _CEO_____


Dated: _2/8_____, 2022            _____
                                  SAR Floors LLC

                                  By: _____

                                  Name: _Shukri Rahman_____

                                  Title: _CEO_____


6

# Exhibit 2

# Exhibit 2

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement ("**Agreement**") is entered into as of the last dated signature hereto, by and between Leslie T. Gladstone ("**Trustee**"), as chapter 7 trustee of the bankruptcy estate of Garden Fresh Restaurants, LLC, on one hand, and JC Flooring, on the other hand. Trustee and JC Flooring are referred to collectively as the "**Parties**" and individually as a "**Party**." This Agreement is executed in connection with the following recitation of facts:

### RECITALS

A.      On May 14, 2020 (the "**Petition Date**"), Garden Fresh Restaurants, LLC (the "**Debtor**") commenced a case under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §101 et seq. ("**Bankruptcy Code**") in the Bankruptcy Court for the Southern District of California ("**Bankruptcy Court**").

B.      The Trustee was appointed on or about the Petition Date and is the duly authorized representative of the bankruptcy estate pursuant to section 704 of the Bankruptcy Code.

C.      On or about July 22, 2021, Trustee filed a First Amended Complaint against JC Flooring, et al., in the Superior Court of California, County of San Diego, Case Number 37-2020-00030568-CU-FR-CTL (the "**Subject Litigation**"), asserting claims for fraud and deceit, negligent misrepresentation, breach of contract, breach of covenant of good faith and fair dealing, negligence, and breach of contract – third party beneficiary (collectively, the "**Subject Claims**"). JC Flooring disputes the Subject Claims.

D.      By and through this Agreement, the Parties wish to fully and finally resolve the disputes between them with respect to the Subject Claims. This settlement shall have no effect on the Subject Claims as to the remaining defendants.

### AGREEMENT

1.      SETTLEMENT.  The Parties acknowledge that this Agreement is a good faith settlement of disputed claims.

2.      BANKRUPTCY COURT APPROVAL AND ENFORCEMENT.  This Agreement shall be subject to Bankruptcy Court approval and incorporated into an order of the Bankruptcy Court approving this Agreement.  The Trustee shall file a Notice of Intended Action to obtain Bankruptcy Court approval of this Agreement as a condition precedent for the benefit of all Parties hereto, and the rights and obligations of the Parties hereunder are contingent upon the entry of a final Bankruptcy Court order in this bankruptcy case.  All Parties shall submit to the jurisdiction of the Bankruptcy Court to enforce the continuing obligations under this Agreement and to resolve any dispute that may arise under this Agreement.

3.      SETTLEMENT PAYMENT.  On or before January 18, 2022, JC Flooring shall deliver to Trustee a total of Seventeen Thousand Seven Hundred Ninety and 00/100ths Dollars ($17,940.00), in good and available funds, payable to "Estate of Garden Fresh Restaurants, LLC,

Leslie T. Gladstone, Trustee" (the **"Settlement Payment"**) as settlement of the Subject Claims and Subject Litigation against JC Flooring. In the event that the Bankruptcy Court does not approve this Agreement, all funds received by Trustee in accordance with this Agreement will be promptly returned to JC Flooring.

4.    TRUSTEE'S RIGHT TO TERMINATE AGREEMENT. In the event that any opposition to the Trustee's Notice of Intended Action is filed, Trustee may, in her sole discretion, elect to terminate this Agreement.

5.    DISMISSAL OF CLAIMS. Upon Bankruptcy Court approval, the Trustee shall cause JC Flooring to be dismissed with prejudice from the Subject Litigation and the cross-complaint filed by Floormax Direct, LLC. Nothing herein shall cause a dismissal of the remaining defendants in the Subject Litigation, and all claims of the Trustee in the Subject Litigation against the remaining defendants shall remain in full force and effect.

6.    RELEASE. Except as specifically set forth in this Agreement, upon the effectiveness of this Agreement, the Parties hereby fully, absolutely and forever release and discharge each other from and any and all manner of claims, whether now known or unknown and whether suspected or unsuspected, anticipated and unanticipated, and whether or not concealed or hidden, which now exist or heretofore have existed between the Parties. The Parties hereby expressly waive any and all rights and benefits conferred upon them by the provisions of Section 1542 of the California Civil Code that provides as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties have read the foregoing release and recognize and understand that the same applies to and covers all claims heretofore and hereinafter arising, whether or not known or suspected to exist at the present time.

7.    REPRESENTATIONS AND WARRANTIES. Each Party represents and warrants to the other Party that it has the full power and authority to execute, deliver, and perform under this Agreement, and that any needed consent or approval from any other person has been obtained including but not limited to, approval of the board of directors for any corporate party, and including the absence of any duty or obligation that would prevent, or be put in breach or default by, such execution, delivery or performance. Each Party shall indemnify and hold the other Party harmless with respect to any and all liability, cost, expense (including reasonable attorneys' fees), or claim with respect to, pertaining to, or arising from any assertion of any such obligation or lack of such power or authority.

8.    ENFORCEMENT. This Agreement may be enforced by motion in the Bankruptcy Court after approval by the Bankruptcy Court and after notice under Bankruptcy Rule 9019(a). The settlement set forth herein shall be effective if, and only if, it is approved by the Bankruptcy Court by a final order.

2

9.    ADDITIONAL REPRESENTATIONS AND WARRANTIES.    Each Party represents and warrants to the other Party that:

(a)    Final Integrated Agreement. This Agreement and all other agreements executed herewith constitute the entire, final, and binding understanding between the Parties hereto; no other statement or representation, written or oral, express or implied, has been received or relied upon in entering into the settlement; and all prior discussions, statements, and negotiations made or which have occurred prior to the dates on which this Agreement is executed shall be deemed merged into this Agreement. Each of the recitals in this Agreement shall be interpreted and construed as part of this Agreement and not as a mere recital.

(b)    Understanding of Settlement Agreement.    Each Party understands and agrees to this Agreement and the terms and conditions contained herein and has relied upon its own judgment, belief, knowledge, understanding and expertise after careful consultation with its own legal counsel concerning the legal effect of the settlement and all of the terms of this Agreement.

(c)    Voluntary Settlement. Each Party enters into the Agreement knowingly and voluntarily.

(d)    Investigation of Facts. Each Party has investigated the facts pertaining to this Agreement and all matters pertaining thereto as deemed necessary by such Party.

(e)    Assignment/Transfer. Each Party has not heretofore assigned, transferred or granted, or purported to assign, transfer or grant, any of the claims, demands and claims for relief disposed of by this Agreement.

10.    AMBIGUITIES OR UNCERTAINTIES. This Agreement, and any ambiguities or uncertainties herein, shall be equally and fairly interpreted and construed without reference to the identity of the Party or Parties preparing this Agreement, on the express understanding and agreement that the Parties participated equally in the negotiation and preparation of the Agreement or have had equal opportunity to do so. Accordingly, the Parties hereby waive the benefit of Section 1654 of the California Civil Code and any successor or amended statute, providing that in cases of uncertainty, language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist.

11.    ATTORNEYS' FEES/PREVAILING PARTY.    In any action or proceeding between or among the Parties hereto at law or in equity with respect to, pertaining to, or arising from the Agreement, whether for enforcement, or for damages by reason of any alleged breach, or for a declaration of rights or obligations, or otherwise, and including any appeal, contempt proceeding, bankruptcy proceeding, and any action or proceeding to enforce and/or collect any judgment or other relief granted, whether or not such action or proceeding is compromised or is prosecuted to final judicial determination (collectively "**litigation**"), the unsuccessful party to the litigation shall pay to the prevailing party, in addition to any other relief that may be granted, all costs and expenses of the litigation, including without limitation, the prevailing party's actual attorneys' fees and expenses. "Attorneys' fees and expenses" includes, without limitation,

3

paralegals' fees and expenses, attorneys' consultants' fees and expenses, expert witness' fees and expenses, and all other expenses incurred by the prevailing party's attorneys in the course of their representation of the prevailing party in anticipation of and/or during the course of the litigation, whether or not otherwise recoverable as "attorneys' fees" or as "costs" under California law; and the same may be sought and awarded in accordance with California procedure as pertaining to an award of contractual attorneys' fees.

12.    CALIFORNIA LAW. The settlement, this Agreement, and the documents referred to herein, shall be governed by and construed and interpreted in accordance with the United States Bankruptcy Code and the laws of the State of California. In the language of this document and the documents referred to herein, the singular and plural numbers, and the masculine, feminine and neuter genders, shall each be deemed to include all others, and the word "person" shall be deemed to include corporations and every other entity, as the context may require.

13.    SEVERABILITY. In the event that any provision of this Agreement should be held to be void, voidable, or unenforceable, the remaining portions hereof shall remain in full force and effect unless the unenforceability of that provision is material to the intent of the Parties in entering into this Agreement.

14.    MULTIPLE COUNTERPARTS. This Agreement may be executed in any number of counterparts, each of which may be deemed an original and all of which together shall constitute a single instrument.

15.    WAIVER, MODIFICATION AND AMENDMENT. No breach of this Agreement or of any provision herein can be waived except by an express written waiver executed by the party waiving such breach. Waiver of any one breach shall not be deemed a waiver of any other breach of the same or other provisions of this Agreement. This Agreement may be amended, altered, modified, or otherwise changed in any respect or particular only by a writing duly executed by the Parties hereto or their authorized representatives which is then approved by the Court.

16.    ADDITIONAL DOCUMENTS. The Parties shall execute any additional documents reasonably necessary to effectuate the intent and purposes of this Agreement.

17.    NOTICES. All notices under this Agreement shall be in writing and shall be deemed effective on the date of delivery if delivered personally (and a receipt obtained therefor), or on the third calendar day after mailing if mailed by first class mail, registered or certified, postage prepaid, and shall be addressed as follows or as may be amended by a written communication delivered pursuant to this section:

|  |  |
|---|---|
| To Trustee: | Leslie T. Gladstone, Trustee<br>5656 La Jolla Blvd.<br>La Jolla, CA 92037 |
| with copy to: | Richard J. Annen<br>Annen Law Group<br>926 Tingley Lane<br>San Diego, CA 92106 |

4

To JC Flooring:            Edward W. Freedman, SBN 214376
                           Law Offices of Edward W. Freedman
                           4540 Kearny Villa Rd., Suite 209
                           San Diego, California 92123
                           (858) 277-6986 telephone
                           (858) 277-6989 facsimile

18.     ELECTRONIC TRANSMISSION.  The Parties hereto agree that in the event that this Agreement is executed electronically, that the electronic copy shall have the same validity as an original copy for all purposes including but not limited to utilization of the procedures for settling a dispute.  The electronic copy shall be used in place and stead of the original until such time that an original is received by the party receiving an executed copy hereof electronically.

19.     BINDING SETTLEMENT AGREEMENT.  This Agreement shall be binding on and inure to the benefit of the heirs, descendants, legatees, devisees, executors, administrators, legal representatives, successors, successors-in-interest, assigns, assignors, insurers, attorneys, owners, guarantors, sureties, partners, members, servants, employees, employers, agents, officers, directors, shareholders, beneficiaries, predecessors, affiliates, subsidiaries, related or associated entities or individuals, and any other person or entity claiming under or through the Parties.

20.     EFFECTIVE DATE.  The effective date of this Agreement shall be the date of entry of the Bankruptcy Court order approving this Agreement.

Dated: ___1/21___, 2022

_____
Leslie T. Gladstone, Trustee


Dated: _____, 2022

_____
JC Flooring
By:
Name:_____

Title: _____

5

To JC Flooring:
Edward W. Freedman, SBN 214376
Law Offices of Edward W. Freedman
4540 Kearny Villa Rd., Suite 209
San Diego, California 92123
(858) 277-6986 telephone
(858) 277-6989 facsimile

18. ELECTRONIC TRANSMISSION. The Parties hereto agree that in the event that this Agreement is executed electronically, that the electronic copy shall have the same validity as an original copy for all purposes including but not limited to utilization of the procedures for settling a dispute. The electronic copy shall be used in place and stead of the original until such time that an original is received by the party receiving an executed copy hereof electronically.

19. BINDING SETTLEMENT AGREEMENT. This Agreement shall be binding on and inure to the benefit of the heirs, descendants, legatees, devisees, executors, administrators, legal representatives, successors, successors-in-interest, assigns, assignors, insurers, attorneys, owners, guarantors, sureties, partners, members, servants, employees, employers, agents, officers, directors, shareholders, beneficiaries, predecessors, affiliates, subsidiaries, related or associated entities or individuals, and any other person or entity claiming under or through the Parties.

20. EFFECTIVE DATE. The effective date of this Agreement shall be the date of entry of the Bankruptcy Court order approving this Agreement.

Dated: _____, 2022

Leslie T. Gladstone, Trustee

Dated: 1-19, 2022

JC Flooring

By:
Name: PAULO C JUARO
Title: OWNER - JC FLOORING

2

# Exhibit 3

# Exhibit 3

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement ("**Agreement**") is entered into as of the last dated signature hereto, by and between Leslie T. Gladstone ("**Trustee**"), as chapter 7 trustee of the bankruptcy estate of Garden Fresh Restaurants, LLC, on one hand, and Majestic Floors, Inc. ("**Majestic**"), on the other hand. Trustee and Majestic are referred to collectively as the "**Parties**" and individually as a "**Party**." This Agreement is executed in connection with the following recitation of facts:

## RECITALS

A.    On May 14, 2020 (the "**Petition Date**"), Garden Fresh Restaurants, LLC (the "**Debtor**") commenced a case under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §101 et seq. ("**Bankruptcy Code**") in the Bankruptcy Court for the Southern District of California ("**Bankruptcy Court**").

B.    The Trustee was appointed on or about the Petition Date, and is the duly authorized representative of the bankruptcy estate pursuant to section 704 of the Bankruptcy Code.

C.    On or about July 22, 2021, Trustee filed a First Amended Complaint against Majestic, et al., in the Superior Court of California, County of San Diego, Case Number 37-2020-00030568-CU-FR-CTL (the "**Subject Litigation**"), asserting claims for fraud and deceit, negligent misrepresentation, breach of contract, breach of covenant of good faith and fair dealing, negligence, and breach of contract – third party beneficiary (collectively, the "**Subject Claims**"). Majestic disputes the Subject Claims.

D.    By and through this Agreement, the Parties wish to fully and finally resolve the disputes between them with respect to the Subject Claims. This settlement shall have no effect on the Subject Claims as to the remaining defendants.

## AGREEMENT

1.    SETTLEMENT. The Parties acknowledge that this Agreement is a good faith settlement of disputed claims.

2.    BANKRUPTCY COURT APPROVAL AND ENFORCEMENT. This Agreement shall be subject to Bankruptcy Court approval and incorporated into an order of the Bankruptcy Court approving this Agreement. The Trustee shall file a Notice of Intended Action to obtain Bankruptcy Court approval of this Agreement as a condition precedent for the benefit of all Parties hereto, and the rights and obligations of the Parties hereunder are contingent upon the entry of a final Bankruptcy Court order in this bankruptcy case. All Parties shall submit to the jurisdiction of the Bankruptcy Court to enforce the continuing obligations under this Agreement and to resolve any dispute that may arise under this Agreement.

3.    SETTLEMENT PAYMENT. Within 30 days of the execution and return of this agreement to Majestic's counsel, State Farm General Insurance Company, on behalf of Majestic, shall deliver to Trustee a total of Fifteen-Thousand and 00/100ths Dollars ($15,000.00), in good

and available funds, payable to "Estate of Garden Fresh Restaurants, LLC, Leslie T. Gladstone, Trustee" (the **"Settlement Payment"**) as settlement of the Subject Claims and Subject Litigation against Majestic. In the event that the Bankruptcy Court does not approve this Agreement, all funds received by Trustee in accordance with this Agreement will be promptly returned to Majestic.

4.  <u>TRUSTEE'S RIGHT TO TERMINATE AGREEMENT</u>. In the event that any opposition to the Trustee's Notice of Intended Action is filed, Trustee may, in her sole discretion, elect to terminate this Agreement.

5.  <u>DISMISSAL OF CLAIMS</u>. Upon Bankruptcy Court approval, the Trustee shall cause Majestic to be dismissed with prejudice from the Subject Litigation. Nothing herein shall cause a dismissal of the remaining defendants in the Subject Litigation, and all claims of the Trustee in the Subject Litigation against the remaining defendants shall remain in full force and effect.

6.  <u>RELEASE</u>. Except as specifically set forth in this Agreement, upon the effectiveness of this Agreement, the Parties hereby fully, absolutely and forever release and discharge each other from and any and all manner of claims, whether now known or unknown and whether suspected or unsuspected, anticipated and unanticipated, and whether or not concealed or hidden, which now exist or heretofore have existed between the Parties. The Parties hereby expressly waive any and all rights and benefits conferred upon them by the provisions of Section 1542 of the California Civil Code that provides as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties have read the foregoing release and recognize and understand that the same applies to and covers all claims heretofore and hereinafter arising, whether or not known or suspected to exist at the present time.

7.  <u>REPRESENTATIONS AND WARRANTIES</u>. Each Party represents and warrants to the other Party that it has the full power and authority to execute, deliver, and perform under this Agreement, and that any needed consent or approval from any other person has been obtained including but not limited to, approval of the board of directors for any corporate party, and including the absence of any duty or obligation that would prevent, or be put in breach or default by, such execution, delivery or performance. Each Party shall indemnify and hold the other Party harmless with respect to any and all liability, cost, expense (including reasonable attorneys' fees), or claim with respect to, pertaining to, or arising from any assertion of any such obligation or lack of such power or authority.

8.  <u>ENFORCEMENT</u>. This Agreement may be enforced by motion in the Bankruptcy Court after approval by the Bankruptcy Court and after notice under Bankruptcy Rule 9019(a).

2

The settlement set forth herein shall be effective if, and only if, it is approved by the Bankruptcy Court by a final order.

9.   ADDITIONAL REPRESENTATIONS AND WARRANTIES.   Each Party represents and warrants to the other Party that:

(a)   Final Integrated Agreement. This Agreement and all other agreements executed herewith constitute the entire, final, and binding understanding between the Parties hereto; no other statement or representation, written or oral, express or implied, has been received or relied upon in entering into the settlement; and all prior discussions, statements, and negotiations made or which have occurred prior to the dates on which this Agreement is executed shall be deemed merged into this Agreement. Each of the recitals in this Agreement shall be interpreted and construed as part of this Agreement and not as a mere recital.

(b)   Understanding of Settlement Agreement.  Each Party understands and agrees to this Agreement and the terms and conditions contained herein and has relied upon its own judgment, belief, knowledge, understanding and expertise after careful consultation with its own legal counsel concerning the legal effect of the settlement and all of the terms of this Agreement.

(c)   Voluntary Settlement. Each Party enters into the Agreement knowingly and voluntarily.

(d)   Investigation of Facts. Each Party has investigated the facts pertaining to this Agreement and all matters pertaining thereto as deemed necessary by such Party.

(e)   Assignment/Transfer. Each Party has not heretofore assigned, transferred or granted, or purported to assign, transfer or grant, any of the claims, demands and claims for relief disposed of by this Agreement.

10.   AMBIGUITIES OR UNCERTAINTIES. This Agreement, and any ambiguities or uncertainties herein, shall be equally and fairly interpreted and construed without reference to the identity of the Party or Parties preparing this Agreement, on the express understanding and agreement that the Parties participated equally in the negotiation and preparation of the Agreement or have had equal opportunity to do so.  Accordingly, the Parties hereby waive the benefit of Section 1654 of the California Civil Code and any successor or amended statute, providing that in cases of uncertainty, language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist.

11.   ATTORNEYS' FEES/PREVAILING PARTY.   In any action or proceeding between or among the Parties hereto at law or in equity with respect to, pertaining to, or arising from the Agreement, whether for enforcement, or for damages by reason of any alleged breach, or for a declaration of rights or obligations, or otherwise, and including any appeal, contempt proceeding, bankruptcy proceeding, and any action or proceeding to enforce and/or collect any judgment or other relief granted, whether or not such action or proceeding is compromised or is prosecuted to final judicial determination (collectively "**litigation**"), the unsuccessful party to the litigation shall pay to the prevailing party, in addition to any other relief that may be granted, all

3

costs and expenses of the litigation, including without limitation, the prevailing party's actual attorneys' fees and expenses. "Attorneys' fees and expenses" includes, without limitation, paralegals' fees and expenses, attorneys' consultants' fees and expenses, expert witness' fees and expenses, and all other expenses incurred by the prevailing party's attorneys in the course of their representation of the prevailing party in anticipation of and/or during the course of the litigation, whether or not otherwise recoverable as "attorneys' fees" or as "costs" under California law; and the same may be sought and awarded in accordance with California procedure as pertaining to an award of contractual attorneys' fees.

12.    CALIFORNIA LAW. The settlement, this Agreement, and the documents referred to herein, shall be governed by and construed and interpreted in accordance with the United States Bankruptcy Code and the laws of the State of California. In the language of this document and the documents referred to herein, the singular and plural numbers, and the masculine, feminine and neuter genders, shall each be deemed to include all others, and the word "person" shall be deemed to include corporations and every other entity, as the context may require.

13.    SEVERABILITY. In the event that any provision of this Agreement should be held to be void, voidable, or unenforceable, the remaining portions hereof shall remain in full force and effect unless the unenforceability of that provision is material to the intent of the Parties in entering into this Agreement.

14.    MULTIPLE COUNTERPARTS. This Agreement may be executed in any number of counterparts, each of which may be deemed an original and all of which together shall constitute a single instrument.

15.    WAIVER, MODIFICATION AND AMENDMENT. No breach of this Agreement or of any provision herein can be waived except by an express written waiver executed by the party waiving such breach. Waiver of any one breach shall not be deemed a waiver of any other breach of the same or other provisions of this Agreement. This Agreement may be amended, altered, modified, or otherwise changed in any respect or particular only by a writing duly executed by the Parties hereto or their authorized representatives which is then approved by the Court.

16.    ADDITIONAL DOCUMENTS.    The Parties shall execute any additional documents reasonably necessary to effectuate the intent and purposes of this Agreement.

17.    NOTICES.  All notices under this Agreement shall be in writing and shall be deemed effective on the date of delivery if delivered personally (and a receipt obtained therefor), or on the third calendar day after mailing if mailed by first class mail, registered or certified, postage prepaid, and shall be addressed as follows or as may be amended by a written communication delivered pursuant to this section:

|                   |                              |
|-------------------|------------------------------|
| To Trustee:       | Leslie T. Gladstone, Trustee |
|                   | 5656 La Jolla Blvd.          |
|                   | La Jolla, CA 92037           |
|                   |                              |
| with copy to:     | Richard J. Annen             |
|                   | Annen Law Group              |
|                   | 926 Tingley Lane             |

4

San Diego, CA 92106

To Majestic:                    Douglas D. Guy
Gates, Gonter, Guy, Proudfoot & Muench, LLP
15373 Innovation Dr. Ste. 170
San Diego, CA 92128

18.    <u>ELECTRONIC TRANSMISSION</u>.  The Parties hereto agree that in the event that this Agreement is executed electronically, that the electronic copy shall have the same validity as an original copy for all purposes including but not limited to utilization of the procedures for settling a dispute.  The electronic copy shall be used in place and stead of the original until such time that an original is received by the party receiving an executed copy hereof electronically.

19.    <u>BINDING SETTLEMENT AGREEMENT</u>.  This Agreement shall be binding on and inure to the benefit of the heirs, descendants, legatees, devisees, executors, administrators, legal representatives, successors, successors-in-interest, assigns, assignors, insurers, attorneys, owners, guarantors, sureties, partners, members, servants, employees, employers, agents, officers, directors, shareholders, beneficiaries, predecessors, affiliates, subsidiaries, related or associated entities or individuals, and any other person or entity claiming under or through the Parties.

20.    <u>GOOD FAITH</u>.  This agreement shall be subject to a finding of good faith pursuant to California Code of Civil Procedure sections 877 and 877.6 by the San Diego County Superior Court as to those claims which may be barred by those sections and Majestic will move for such determination within 10 days of execution of this agreement.

*[Remainder of page intentionally left blank]*

21.    <u>EFFECTIVE DATE</u>.  The effective date of this Agreement shall be the date of entry of the Bankruptcy Court order approving this Agreement.

Dated: _____, 2022

_____
Leslie T. Gladstone, Trustee


Dated: _____, 2022

_____
Majestic Floors, Inc.
By:
Name:_____

Title: _____

6

5

21.    <u>EFFECTIVE DATE</u>.  The effective date of this Agreement shall be the date of entry of the Bankruptcy Court order approving this Agreement.


Dated: _____, 2022

_____
Leslie T. Gladstone, Trustee


Dated: 1 - 19 , 2022

_____
Majestic Floors, Inc.
By:
Name: Rashed Shukri
Title: President

# Exhibit 4

# Exhibit 4

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement ("**Agreement**") is entered into as of the last dated signature hereto, by and between Leslie T. Gladstone ("**Trustee**"), as chapter 7 trustee of the bankruptcy estate of Garden Fresh Restaurants, LLC, on one hand, and Preferred Global, Inc. ("**Preferred**"), on the other hand. Trustee and Preferred are referred to collectively as the "**Parties**" and individually as a "**Party**." This Agreement is executed in connection with the following recitation of facts:

## RECITALS

A.      On May 14, 2020 (the "**Petition Date**"), Garden Fresh Restaurants, LLC (the "**Debtor**") commenced a case under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §101 et seq. ("**Bankruptcy Code**") in the Bankruptcy Court for the Southern District of California ("**Bankruptcy Court**").

B.      The Trustee was appointed on or about the Petition Date and is the duly authorized representative of the bankruptcy estate pursuant to section 704 of the Bankruptcy Code.

C.      On or about July 22, 2021, Trustee filed a First Amended Complaint against Preferred Global, et al., in the Superior Court of California, County of San Diego, Case Number 37-2020-00030568-CU-FR-CTL (the "**Subject Litigation**"), asserting claims for fraud and deceit, negligent misrepresentation, breach of contract, breach of covenant of good faith and fair dealing, negligence, and breach of contract – third party beneficiary (collectively, the "**Subject Claims**"). Preferred disputes the Subject Claims.

D.      By and through this Agreement, the Parties wish to fully and finally resolve the disputes between them with respect to the Subject Claims. This settlement shall have no effect on the Subject Claims as to the remaining defendants.

## AGREEMENT

1.      SETTLEMENT.  The Parties acknowledge that this Agreement is a good faith settlement of disputed claims.

2.      BANKRUPTCY COURT APPROVAL AND ENFORCEMENT.  This Agreement shall be subject to Bankruptcy Court approval and incorporated into an order of the Bankruptcy Court approving this Agreement.  The Trustee shall file a Notice of Intended Action to obtain Bankruptcy Court approval of this Agreement as a condition precedent for the benefit of all Parties hereto, and the rights and obligations of the Parties hereunder are contingent upon the entry of a final Bankruptcy Court order in this bankruptcy case.  All Parties shall submit to the jurisdiction of the Bankruptcy Court to enforce the continuing obligations under this Agreement and to resolve any dispute that may arise under this Agreement.

3.      SETTLEMENT PAYMENT.  On or before 30 days after the execution of this Agreement, Preferred shall deliver to Trustee a total of Two Thousand Five Hundred and 00/100ths

Dollars ($2,500.00), in good and available funds, payable to "Estate of Garden Fresh Restaurants, LLC, Leslie T. Gladstone, Trustee" (the **"Settlement Payment"**) as settlement of the Subject Claims and Subject Litigation against Preferred. In the event that the Bankruptcy Court does not approve this Agreement, all funds received by Trustee in accordance with this Agreement will be promptly returned to Preferred.

4.    TRUSTEE'S RIGHT TO TERMINATE AGREEMENT. In the event that any opposition to the Trustee's Notice of Intended Action is filed, Trustee may, in her sole discretion, elect to terminate this Agreement.

5.    DISMISSAL OF CLAIMS. Upon Bankruptcy Court approval, the Trustee shall cause Preferred to be dismissed with prejudice from the Subject Litigation. Nothing herein shall cause a dismissal of the remaining defendants in the Subject Litigation, and all claims of the Trustee in the Subject Litigation against the remaining defendants shall remain in full force and effect.

6.    RELEASE. Except as specifically set forth in this Agreement, upon the effectiveness of this Agreement, the Parties hereby fully, absolutely and forever release and discharge each other from and any and all manner of claims, whether now known or unknown and whether suspected or unsuspected, anticipated and unanticipated, and whether or not concealed or hidden, which now exist or heretofore have existed between the Parties. The Parties hereby expressly waive any and all rights and benefits conferred upon them by the provisions of Section 1542 of the California Civil Code that provides as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties have read the foregoing release and recognize and understand that the same applies to and covers all claims heretofore and hereinafter arising, whether or not known or suspected to exist at the present time.

7.    REPRESENTATIONS AND WARRANTIES. Each Party represents and warrants to the other Party that it has the full power and authority to execute, deliver, and perform under this Agreement, and that any needed consent or approval from any other person has been obtained including but not limited to, approval of the board of directors for any corporate party, and including the absence of any duty or obligation that would prevent, or be put in breach or default by, such execution, delivery or performance. Each Party shall indemnify and hold the other Party harmless with respect to any and all liability, cost, expense (including reasonable attorneys' fees), or claim with respect to, pertaining to, or arising from any assertion of any such obligation or lack of such power or authority.

8.    ENFORCEMENT. This Agreement may be enforced by motion in the Bankruptcy Court after approval by the Bankruptcy Court and after notice under Bankruptcy Rule 9019(a).

The settlement set forth herein shall be effective if, and only if, it is approved by the Bankruptcy Court by a final order.

9.   ADDITIONAL REPRESENTATIONS AND WARRANTIES.   Each Party represents and warrants to the other Party that:

(a)   Final Integrated Agreement. This Agreement and all other agreements executed herewith constitute the entire, final, and binding understanding between the Parties hereto; no other statement or representation, written or oral, express or implied, has been received or relied upon in entering into the settlement; and all prior discussions, statements, and negotiations made or which have occurred prior to the dates on which this Agreement is executed shall be deemed merged into this Agreement. Each of the recitals in this Agreement shall be interpreted and construed as part of this Agreement and not as a mere recital.

(b)   Understanding of Settlement Agreement. Each Party understands and agrees to this Agreement and the terms and conditions contained herein and has relied upon its own judgment, belief, knowledge, understanding and expertise after careful consultation with its own legal counsel concerning the legal effect of the settlement and all of the terms of this Agreement.

(c)   Voluntary Settlement. Each Party enters into the Agreement knowingly and voluntarily.

(d)   Investigation of Facts. Each Party has investigated the facts pertaining to this Agreement and all matters pertaining thereto as deemed necessary by such Party.

(e)   Assignment/Transfer. Each Party has not heretofore assigned, transferred or granted, or purported to assign, transfer or grant, any of the claims, demands and claims for relief disposed of by this Agreement.

10.   AMBIGUITIES OR UNCERTAINTIES. This Agreement, and any ambiguities or uncertainties herein, shall be equally and fairly interpreted and construed without reference to the identity of the Party or Parties preparing this Agreement, on the express understanding and agreement that the Parties participated equally in the negotiation and preparation of the Agreement or have had equal opportunity to do so. Accordingly, the Parties hereby waive the benefit of Section 1654 of the California Civil Code and any successor or amended statute, providing that in cases of uncertainty, language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist.

11.   ATTORNEYS' FEES/PREVAILING PARTY.   In any action or proceeding between or among the Parties hereto at law or in equity with respect to, pertaining to, or arising from the Agreement, whether for enforcement, or for damages by reason of any alleged breach, or for a declaration of rights or obligations, or otherwise, and including any appeal, contempt proceeding, bankruptcy proceeding, and any action or proceeding to enforce and/or collect any judgment or other relief granted, whether or not such action or proceeding is compromised or is prosecuted to final judicial determination (collectively **"litigation"**), the unsuccessful party to the litigation shall pay to the prevailing party, in addition to any other relief that may be granted, all

3

costs and expenses of the litigation, including without limitation, the prevailing party's actual attorneys' fees and expenses. "Attorneys' fees and expenses" includes, without limitation, paralegals' fees and expenses, attorneys' consultants' fees and expenses, expert witness' fees and expenses, and all other expenses incurred by the prevailing party's attorneys in the course of their representation of the prevailing party in anticipation of and/or during the course of the litigation, whether or not otherwise recoverable as "attorneys' fees" or as "costs" under California law; and the same may be sought and awarded in accordance with California procedure as pertaining to an award of contractual attorneys' fees.

12.   CALIFORNIA LAW. The settlement, this Agreement, and the documents referred to herein, shall be governed by and construed and interpreted in accordance with the United States Bankruptcy Code and the laws of the State of California. In the language of this document and the documents referred to herein, the singular and plural numbers, and the masculine, feminine and neuter genders, shall each be deemed to include all others, and the word "person" shall be deemed to include corporations and every other entity, as the context may require.

13.   SEVERABILITY. In the event that any provision of this Agreement should be held to be void, voidable, or unenforceable, the remaining portions hereof shall remain in full force and effect unless the unenforceability of that provision is material to the intent of the Parties in entering into this Agreement.

14.   MULTIPLE COUNTERPARTS. This Agreement may be executed in any number of counterparts, each of which may be deemed an original and all of which together shall constitute a single instrument.

15.   WAIVER, MODIFICATION AND AMENDMENT. No breach of this Agreement or of any provision herein can be waived except by an express written waiver executed by the party waiving such breach. Waiver of any one breach shall not be deemed a waiver of any other breach of the same or other provisions of this Agreement. This Agreement may be amended, altered, modified, or otherwise changed in any respect or particular only by a writing duly executed by the Parties hereto or their authorized representatives which is then approved by the Court.

16.   ADDITIONAL DOCUMENTS. The Parties shall execute any additional documents reasonably necessary to effectuate the intent and purposes of this Agreement.

17.   NOTICES. All notices under this Agreement shall be in writing and shall be deemed effective on the date of delivery if delivered personally (and a receipt obtained therefor), or on the third calendar day after mailing if mailed by first class mail, registered or certified, postage prepaid, and shall be addressed as follows or as may be amended by a written communication delivered pursuant to this section:

|  |  |
|---|---|
| To Trustee: | Leslie T. Gladstone, Trustee<br>5656 La Jolla Blvd.<br>La Jolla, CA 92037 |
| with copy to: | Richard J. Annen<br>Annen Law Group<br>926 Tingley Lane |

4

San Diego, CA 92106
rannen@annenlaw.com

To Preferred:                    Derek Brown, President
                                 Preferred Global, Inc.
                                 1360 S. 10th Street
                                 Noblesville, Indiana 46060

with a copy to:                  Dave Golia
                                 Marks, Golia & Pinto, LLP
                                 2240 Fifth Avenue
                                 San Diego, CA 92101
                                 dave@marksgolia.com

18.    ELECTRONIC TRANSMISSION. The Parties hereto agree that in the event that
this Agreement is executed electronically, that the electronic copy shall have the same validity as
an original copy for all purposes including but not limited to utilization of the procedures for
settling a dispute. The electronic copy shall be used in place and stead of the original until such
time that an original is received by the party receiving an executed copy hereof electronically.

19.    BINDING SETTLEMENT AGREEMENT. This Agreement shall be binding on
and inure to the benefit of the heirs, descendants, legatees, devisees, executors, administrators,
legal representatives, successors, successors-in-interest, assigns, assignors, insurers, attorneys,
owners, guarantors, sureties, partners, members, servants, employees, employers, agents, officers,
directors, shareholders, beneficiaries, predecessors, affiliates, subsidiaries, related or associated
entities or individuals, and any other person or entity claiming under or through the Parties.

20.    EFFECTIVE DATE. The effective date of this Agreement shall be the date of entry
of the Bankruptcy Court order approving this Agreement.

GARDEN FRESH RESTAURANTS, LLC

Dated: _____1/21/2022_____, 2022        By: _____
                                            Leslie T. Gladstone, Trustee


PREFERRED GLOBAL, INC.

Dated: _____, 2022            By: _____.

                                        Print Name: Derek Brown,

                                        Title: President


5

San Diego, CA 92106
rannen@annenlaw.com

To Preferred:

Derek Brown, President
Preferred Global, Inc.
1360 S. 10th Street
Noblesville, Indiana 46060

with a copy to:

Dave Golia
Marks, Golia & Pinto, LLP
2240 Fifth Avenue
San Diego, CA 92101
dave@marksgolia.com

18.  **ELECTRONIC TRANSMISSION.** The Parties hereto agree that in the event that this Agreement is executed electronically, that the electronic copy shall have the same validity as an original copy for all purposes including but not limited to utilization of the procedures for settling a dispute. The electronic copy shall be used in place and stead of the original until such time that an original is received by the party receiving an executed copy hereof electronically.

19.  **BINDING SETTLEMENT AGREEMENT.** This Agreement shall be binding on and inure to the benefit of the heirs, descendants, legatees, devisees, executors, administrators, legal representatives, successors, successors-in-interest, assigns, assignors, insurers, attorneys, owners, guarantors, sureties, partners, members, servants, employees, employers, agents, officers, directors, shareholders, beneficiaries, predecessors, affiliates, subsidiaries, related or associated entities or individuals, and any other person or entity claiming under or through the Parties.

20.  **EFFECTIVE DATE.** The effective date of this Agreement shall be the date of entry of the Bankruptcy Court order approving this Agreement.

GARDEN FRESH RESTAURANTS, LLC

Dated: _____, 2022        By: _____
                                        Leslie T. Gladstone, Trustee

PREFERRED GLOBAL, INC.

Dated: _January 14_, 2022        By: _____.

Print Name: Derek Brown,

Title: President

5

# Exhibit 5

# Exhibit 5

# ANNEN LAW GROUP

**926 TINGLEY LANE**
**SAN DIEGO, CALIFORNIA 92106**
**Tel. No. (619) 550-5500**

RICHARD J. ANNEN*                                           *Also Licensed in Michigan
E-Mail: rannen@annenlaw.com

February 11, 2022

## FINAL FEE AND COSTS INVOICE

**Garden Fresh Restaurants, LLC v. Floormax Direct, LLC, et al**
**San Diego Superior Court Case No. 37-2020-00030568-CU-FR-CTL**

| | |
|---|---|
| **33 1/3% Contingency Fee on Recovery of $260,440** | $86,813.33 |
| **Unpaid Costs from 4/19/21 Invoice** | $    194.24 |
| **New Costs – Filing Fees (13 x $12.35)** | $    160.55 |
| **TOTAL DUE** | $87,168.12 |